**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**PROVIDENCE, Sc.** **SUPERIOR COURT**
**CIVIL ACTION NO.: 05-5981**

2/15/06

**GHODRAT FARAHANI; IREENE AROMIN** )
**Plaintiffs** )
)
**vs.** )
)
**CHUBB GROUP OF INSURANCE COMPANIES;** )
**JULIE ZINK; LESLIE A. SHAPIRO; ALLSTATE** )
**INSURANCE COMPANY; WILLIAM J. ROSS;** )
**EVENFLO COMPANY, INC.** )
**Defendants** )
)

## VERIFIED COMPLAINT AND JURY DEMAND

### Introduction

1. This case principally pertains to misrepresentation of insurance coverage, and bad faith insurance practices arising from a Nov 20, 1998 automobile accident whereas Plaintiffs were driving a non-owned company-car and were hit by an uninsured driver in Cranston, Rhode Island causing personal property damages and serious personal injuries to the Plaintiffs.

### Statement of Facts Common to All Counts & Parties

2. At all materials times, on or about November 1998, Plaintiffs, Mr. Ghodrat Farahani ("Farahani"), and Mrs. Ireene Aromin ("Aromin"), were husband and wife, and residents of Cranston, Rhode Island. Since December 1999 Plaintiffs purchased a house in Massachusetts and later moved out of Rhode Island. Plaintiffs have been a resident of Massachusetts for the past several years.

3. Defendant Chubb Group of Insurance Companies ("Chubb") is a Massachusetts Corporation, with a usual place of business in Boston providing insurance services throughout U.S. including Rhode Island. Chubb was Aromin employer's insurer under policy number 77629400. Defendants Julie Zink ("Zink") with a usual place of business in Connecticut and Leslie A. Shapiro ("Shapiro") with a usual place of business in Massachusetts were claims employees of Chubb.

4. Defendant Allstate Insurance Company ("Allstate") is a Massachusetts and Rhode Island Corporation. On or about Nov 1998 Plaintiffs carried a Rhode Island automobile insurance policy with Allstate, policy number 08477678802/12. Defendant William J. Ross ("Ross") with a usual place of business in Rhode Island was a claims representative of Allstate.

5. Defendant Evenflo Company, Inc. ("Evenflo") is a manufacturer and marketer of infant car seat with a usual place of business in Ohio.

6. On or about early evening of Nov 20, 1998 Farahani drove his car, a 1992 Nissan Maxima, insured by Allstate of Rhode Island, and on way to Cranston YMCA dropped off his wife and child at Aromin sister's house in Cranston. On return Farahani noticed a problem with Maxima and decided, for the first time, to use Aromin's Company car. The company car had been principally parked and unused for several months during Aromin's maternity leave. On return from Aromin sister's house, the company car was negligently and or recklessly hit and broadsided by Michael Sciuchtti's car. The accident caused Plaintiffs to lose consciousness, repeatedly. Plaintiffs were particularly hit in the head by their son's car seat that had snapped out of its base. When Farahani came to

consciousness, he was found by the Cranston Rescue/Fire Department crying, in shock, and walking barefoot on the street with his six-month old infant in his arm. Plaintiffs received serious emotional, physical and head injuries because of that accident which symptoms continue to this day.

7. Because of the head injury, Farahani in particular developed, serious medical conditions, *inter alia*, such as posttraumatic stress disorder, post concussion syndrome, depression, severe migraine headaches, urinary problems, sexual dysfunctions, and memory and other neurological symptoms. Farahani was no longer able to read or write in his native Farsi language and soon lost his overseas managerial position.

8. On January 13, 1999 Allstate of Rhode Island wrote to Farahani that Michael Sciuchtti's policy number 619373505, also written with Allstate, had been canceled on Nov 7, 1998.

9. On June 25, 1999, Defendant Allstate/Ross denied Plaintiffs' uninsured bodily injury and personal property claims holding Maxim's policy excluded coverage for the company car when allegedly "furnished and available" for Plaintiffs' "regular use."

10. On August 4, 1999, Farahani's father, wrote to Allstate's counsel, citing, *inter alia*, to Ricci v. U. S. Fidelity & Guaranty Co., 290 A.2d 408, 412, 110 R.I. 68, 75+ (R.I., 1972) that one single occasion of Arömin company car's use by Farahani did not amount to a "regular use" auto. Allstate refused to further explain its coverage position.

11. On or about December 10, 1998 defendants Chubb and Zink asked Plaintiffs to sign certain Authorization For Medical Information" forms. On advice of counsel Plaintiffs refused to sign the forms arguing the forms were too broad, intrusive and violated their

rights to privacy.

12. During 1999-2001 Plaintiffs' doctors notified them that defendant Zink will pay their post accident bill contingent upon they mail the doctor's detailed notes to Chubb. Plaintiffs were compelled to pay their bills but with increasing difficulty. Because of Zink's refusal to pay doctors' bills and Farahani's increasing financial difficulty he was compelled to stop seeking psychiatric treatment.

13. On Nov 17, 1999 Farahani's father wrote to Zink explaining the Medical Authorization Forms violated certain Rhode Island health, insurance, and privacy laws. Defendants Zink and Shapiro were however adamant that no medical payment coverage will be provided by Chubb absent Plaintiffs' signed medical authorization forms. Moreover, Chubb refused to provide a copy of the insurance policy and its terms to Plaintiffs.

**COUNT ONE- BREACH OF CONTRACT AND COVENANT FAIR DEALINGS**

14. Defendants Allstate and Chubb refused to fairly and reasonably carry out their contractual and statutory obligations toward Plaintiffs according to the applicable Rhode Island and or Massachusetts laws. Under this Count, Plaintiffs also demand cost of their reasonable attorney's fees pursuant to R.I. Gen. Laws, § 9-1-45

**COUNT TWO- BAD FAITH AND CONSPIRACY TO VIOLATE R. I. GEN. LAWS, § 9-1-33**

15. Defendants Allstate and Chubb conducted their claims practices deceptively and in bad faith in violation of certain applicable Rhode Island and Massachusetts laws.

**COUNT THREE- NEGLIGENCE & CONSPIRACY TO VIOLATE MASS. G. L. 176D & R. I. GEN. LAWS, § 27-9.1(DEFENDANTS CHUBB, ZINK & SHAPIRO)**

16. The defendants of Count Three negligently or recklessly refused to provide medical payment coverage and payment for treatment thus aggravating particularly Farahani's injuries and emotional well-being. These defendants recklessly violated Mass. G. L. 176D & R. I. Gen. Laws, § 27-9.1. Defendants had an ordinary duty of due care and due diligence not to damage and injure Plaintiffs' legally protected rights. These defendants' negligent insurance and or tortious misconducts and affirmative omissions proximately harmed the plaintiffs legally protected interests.

**COUNT FOUR- FRAUD, CONSPIRACY, AND NEGLIGENT AND OR INTENTIONAL MISREPRESENTATION (DEFENDANTS ALLSTATE & ROSS)**

17. Defendant Allstate and Ross intentionally misrepresented "regular use" language of the policy and therefore defrauded Plaintiffs from their rightful policy benefits by knowingly citing to that inapplicable policy exclusion, which Plaintiffs relied on to their detriments.

**COUNT FIVE - NEGLIGENT AND INTENTIONAL VIOLATION OF R.I. GEN. LAWS, § § 9-1-41 & 9-1-47 (ALL DEFENDANTS)**

18. Defendants' acts, omission, and or misconducts caused great emotional harm and loss of consortium to plaintiffs as well as loss of homemaker services.

**COUNT SIX - CONSPIRACY TO VIOLATE R.I. GEN. LAWS, § 6-13.1-2 & Mass. G. L. 93A (ALL DEFENDANTS)**

19. Defendants through their acts, omissions, and deceptive or unfair trade and or insurance practices injured plaintiffs' rights and interest in violation of R. I. Gen. Laws, 6-13.1-2 and Mass G. L. c. 93A.

**COUNT SEVEN- STRICT LIABILITY (EVENFLO)**

20. Defendant Evenflo was the manufacturer and supplier of the car seat that defectively snapped out of its base during the said accident. At all material times Evenflo was aware of similar and other defects with its car seat prior to mass- marketing the said car seat. The defect(s) in manufacture was a cause of injury to Plaintiffs' heads, particularly Farahani.

**COUNT EIGHT - DESIGN DEFECT (EVENFLO)**

21. The said car seat as manufactured and at the time it left Evenflo's possession suffered from an inherent and or known design defect where the plastic base did not and could not adequately and securely hold the removable car seat in case of an accident of the type and severity that Plaintiffs experienced. The defect in design was a cause of injury to Plaintiffs.

**COUNT NINE - NEGLIGENCE & FAILURE TO WARN (EVENFLO)**

22. Evenflo had a duty of care in manufacturing a reasonably safe infant car seat. Evenflo negligently designed and marketed the car seat to the Plaintiffs. Evenflo was aware of numerous consumer and government reports of defects and failures of its infant car seats before and after it marketed its car seats. Evenflo's negligent conduct and failure to warn was a cause of Plaintiffs' injury.

**Damages**

23. WHEREFORE, for each above COUNT Plaintiffs pray for judgment in their favor and against defendants jointly and or severally for past and future medical bills, property damages, severe and permanent personal injuries, pain and suffering, and mental anguish, emotional distress, economic costs, loss of past and future wages, loss of business profits

and investments, compensatory damages, statutory damages, and tort based punitive damages, legal costs, fees and expenses, and any other fair and reasonable monetary or equitable relief according to proof.

**Jurisdiction**

25. This court has jurisdiction to adjudicate all plaintiffs' claims.

**Verification**

26. On this Nov 18, 200, herein signed under penalty of perjury, Plaintiffs state the forgoing factual statements are true to the best of their personal knowledge, information, belief, and memory.

Ghodrat Farahani, Plaintiff pro se
126 Brook Street
Rehoboth, Mass 02769
Tel: 508 252-4914

Ireene Aromin, Plaintiff pro se
126 Brook Street
Rehoboth, Mass 02769
Tel: 508 252-4914