UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GHODRAT FARAHANI and
IREENE AROMIN

Plaintiffs,

v.

C.A. No. 06- 89ML

CHUBB GROUP OF INSURANCE COMPANIES; JULIE ZINK; LESLIE SHAPIRO; ALLSTATE INSURANCE COMPANY; WILLIAM J. ROSS; EVENFLO COMPANY, INC.

Defendants.

**DEFENDANTS FEDERAL INSURANCE COMPANY, JULIE ZINK, AND LESLIE SHAPIRO'S MOTION TO DISMISS**

Defendants, Federal Insurance Company (improperly named as Chubb Group of Insurance Companies), Julie Zink and Leslie Shapiro (collectively, "Defendants"), hereby move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of their Motion, Defendants submit the accompanying Memorandum of Law.

FEDERAL INSURANCE COMPANY,
JULIE ZINK, AND LESLIE SHAPIRO

By their Attorneys,

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 27th, 2006, a true and correct copy of the foregoing Motion was served by U.S. mail, first-class postage prepaid, on:

Mr. Ghodrat Farahani
Ms. Ireene Aromin
126 Brook Street
Rehoboth, MA 02769

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GHODRAT FARAHANI and IREENE AROMIN<br><br>Plaintiffs,<br><br>v.<br><br>CHUBB GROUP OF INSURANCE COMPANIES; JULIE ZINK; LESLIE SHAPIRO; ALLSTATE INSURANCE COMPANY; WILLIAM J. ROSS; EVENFLO COMPANY, INC.<br><br>Defendants. | ) | C.A. No. 06-89ML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FEDERAL INSURANCE COMPANY, JULIE ZINK AND LESLIE SHAPIRO'S MOTION TO DISMISS**

Defendants, Federal Insurance Company ("Federal") (improperly named as Chubb Group of Insurance Companies)[1], Julie Zink ("Zink") and Leslie Shapiro ("Shapiro") (collectively, "Defendants"), submit this Memorandum of Law in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs, Ghodrat Farahani ("Farahani") and Ireene Aromin ("Aromin") (collectively, "Plaintiffs"), brought suit against Federal, as well as two of its claims examiners, Zink and Shapiro (collectively, the "Individual Defendants"), alleging generally that Federal and the Individual Defendants breached various contractual and other legal duties during the handling of their insurance claim.[2]

---

[1] Chubb Group of Insurance Companies, as referred to in the Plaintiffs' Complaint, is a non-entity that is incapable of being sued. It is a trade name used to identify several separately incorporated insurance companies, of which Federal is one. Accordingly, Defendants have substituted Federal in place of Chubb Group of Insurance Companies.
[2] The Complaint also alleges that Allstate Insurance Company and one of its claims examiners, William J. Ross, breached similar contractual and legal obligations to the Plaintiffs. Moreover, the Complaint alleges that Evenflo Company, Inc. is liable to Plaintiffs for, *inter alia*, strict liability, negligent design, and failure to warn. The allegations with respect to these defendants, however, have no direct bearing on the instant Motion to Dismiss.

Specifically, Count I of the Complaint alleges that Federal breached its contract with the Plaintiffs, as well as breached the implied covenant of good faith and fair dealing in the handling of the Plaintiffs' insurance claim. In Count II, Plaintiffs allege that Federal's conduct constitutes bad faith insurance practices and a violation of R.I. Gen. Laws § 9-1-33. In Count III, Plaintiffs allege that Federal and the Individual Defendants were negligent and engaged in a conspiracy to violate Mass. G. L. ch. 176D and R.I. Gen. Laws § 27-9.1. Count V alleges claims against all of the defendants for loss of consortium pursuant to R.I. Gen. Laws §§ 9-1-41 and 9-1-47. Count VI alleges that Federal and all of the other defendants conspired to violate R.I. Gen. Laws § 6-13.1-2 and Mass. G. L. ch. 93A. For the reasons that follow, Federal and the Individual Defendants' Motion to Dismiss with respect to these counts of the Complaint should be granted.

## I. BACKGROUND

According to the allegations of the Complaint, on or about November 20, 1998, Farahani, and his wife, Aromin, were involved in an automobile accident. (Compl. at ¶ 6). Although the Plaintiffs are now Massachusetts residents, the accident occurred in Cranston, Rhode Island while the Plaintiffs were residing here. (Compl. ¶¶ 2, 6). The automobile driven by Farahani at the time of the accident was Aromin's company car. (Id.). Federal was Aromin's employer's insurer with respect to the automobile in question. (Id. at ¶ 3).

On or about December 10, 1998, defendants Federal and Zink requested the Plaintiffs to sign certain forms entitled, "Authorization for Medical Information." (Id. at ¶ 11). The Plaintiffs allege that, "on advice of counsel," they refused to sign the authorization forms, contending that they "were too broad, intrusive and violated their right to privacy." (Id.). The Plaintiffs further allege that, during the time period 1999 – 2001, their medical providers informed them that Zink would pay their post accident medical bills if the Plaintiffs would

release their "doctor's detailed notes to [Federal]." (Id. at ¶ 12). Moreover, the Complaint alleges that on November 17, 1999, Farahani wrote to Zink explaining that the medical authorization forms "violated certain Rhode Island health, insurance, and privacy laws." (Id. at ¶ 13). Plaintiffs further allege that Federal refused to provide them with a copy of insurance policy. (Id.).

On November 18, 2005, the Plaintiffs filed their Complaint against Federal and the other defendants in Providence County Superior Court.[3] The action was timely removed to this Court on February 27, 2006.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether the complaint states any claim upon which relief could be granted. See Greene v. Rhode Island, 289 F. Supp. 2d 5, 8 (D.R.I. 2003). Accordingly, the facts alleged in the plaintiff's complaint must be taken as true, and all reasonable inferences must be drawn in his favor. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Chongris v. Bd. of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987). However, when it appears that the plaintiff would be unable to recover under any set of facts, the court should grant a defendant's motion to dismiss pursuant to Rule 12(b)(6). See Greene, 289 F. Supp. 2d at 8 (citing Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).

[3] Also on November 18, 2005, the Plaintiffs filed the exact same lawsuit in Massachusetts Superior Court (the "Massachusetts Action"). On February 16, 2006, the Massachusetts Action was stayed pursuant to an order of the court, pending the Plaintiffs' appeal of a denial of their indigency petition.

## III. ANALYSIS

### A. COUNT I OF THE COMPLAINT FAILS AS A MATTER OF LAW BECAUSE THE PLAINTIFFS HAVE FAILED TO SUFFICIENTLY ALLEGE THE ELEMENTS OF BREACH OF CONTRACT.

In Count I of the Complaint, Plaintiffs assert claims against Federal for breach of contract and the implied covenant of good faith and fair dealing. In support of these claims, Plaintiffs allege that "[Federal] refused to fairly and reasonably carry out their contractual and statutory obligations toward Plaintiffs according to the applicable Rhode Island or Massachusetts laws." (Compl. at ¶ 14).

Other than vaguely alleging that Federal had contractual obligations towards the Plaintiffs, the Complaint fails to allege any facts indicating the existence of a contract. In Doyle v. Hasbro, Inc., 103 F.3d 186 (1st Cir. 1996), the court affirmed the trial court's dismissal of a breach of contract claim because it failed to allege "with 'substantial certainty' the facts showing the existence of the contract and the legal effect thereof." Id. at 194-95 (quoting Pollock v. New England Tel. & Tel. Co., 194 N.E. 133, 136 (Mass. 1935)). The court further reasoned that the

> complaint fails to state the nature of the alleged contract with any specificity. There is no presentation of the terms of a contract, its duration, or even when it was formed. Nor does the Amended Complaint explain what obligations were imposed on each of the parties by the alleged contract.

Id. at 195.

Similarly, the Plaintiffs have failed in this case to plead any facts describing the nature of the contract or obligation that Federal allegedly breached by requesting that the Plaintiffs execute medical authorization forms. Count I of the Plaintiffs' Complaint should therefore be dismissed for failure to state a claim upon which relief can be granted.[4]

---

[4] Count I of the Complaint also alleges a claim for breach of the implied covenant of good faith and fair dealing. This claim also fails as a matter of law due to the dismissal of the breach of contract claim. See Dovenmuehle

## B. COUNT II FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH A BREACH OF CONTRACT AND HAVE FAILED TO ALLEGE FACTS SHOWING THAT FEDERAL AND ALLSTATE CONSPIRED TO VIOLATE R.I. GEN. LAWS § 9-1-33.

### 1. Plaintiffs' Bad Faith Claim Fails As A Matter of Law Because They Failed to Establish a Breach of Contract.

Count II of the Complaint alleges that Federal conducted its insurance claims practices in bad faith in violation of R.I. Gen. Laws § 9-1-33. Section 9-1-33 allows an insured to "bring an action against the insurer issuing the policy when it is alleged the insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy, or otherwise wrongfully and in bad faith refused to timely perform its obligations under the contract of insurance." R.I. Gen. Laws § 9-1-33. Plaintiffs' bad faith claim fails a matter of law because their breach of contract claim, asserted in Count I of the Complaint, should be dismissed as set forth above.

Since its enactment, the Rhode Island Supreme Court has consistently ruled that an insured cannot maintain an action under R.I.G.L. § 9-1-33 when there has been no underlying breach of the insurance policy by the insurer. See, e.g., Zarrella v. Minnesota Mut. Life Ins. Co., 824 A.2d 1249, 1261 (R.I. 2003) ("Under Rhode Island law . . . a plaintiff first must show that he or she is entitled to recover on the contract before he or she can prove that the insurer dealt with him or her in bad faith."); Skaling v. Aetna Ins. Co., 799 A.2d 997, 1010 (R.I. 2002) ("[B]ad faith is established when the proof demonstrates that the insurer denied coverage or refused payment without a reasonable basis in fact or law for the denial."); Imperial Cas. and Indemnity Co. v. Bellini, 746 A.2d 130, 134 (R.I. 2000) ("'There can be no cause of action for an insurer's badfaith [*sic*] refusal to pay a claim until the insured first establishes that the insurer

---

Mortgage, Inc. v. Antonelli, 790 A.2d 1113, 1115 (R.I. 2002) (where there was no duty as alleged in the underlying contract, there could be no breach of either that contract or the duty of good faith).

breached its duty under the contract of insurance. * * * If the insurer prevails on the breach-of-contract action, it could not as a matter of law, have acted in bad faith in its relationship with its policyholder'")(quoting Bartlett v. John Hancock Mut. Life Ins. Co., 538 A.2d 997, 1002 (R.I. 1988); Lewis v. Nationwide Mut. Ins. Co., 742 A.2d 1207, 1209 (R.I. 2000) ("Before a bad-faith claim can even be considered, a plaintiff must prove that the insurer breached its obligation under the insurance contract.").

Consequently, Plaintiffs' bad faith claim under R.I. Gen. Laws § 9-1-33 should be dismissed because they have failed to sufficiently plead the existence of any contractual breach.

**2. The Conspiracy Claim Must Be Dismissed Because Plaintiffs Have Failed to Allege Facts To Establish a Conspiracy.**

Count II of the Plaintiffs' Complaint alleges that Federal and Allstate engaged in bad faith and conspired to act in bad faith in violation of R.I. Gen. Laws § 9-1-33. Specifically, paragraph 15 of the Complaint (the only paragraph of the Complaint plead in support of their conspiracy claim) alleges that "[d]efendants Allstate and Federal conducted their claims practices deceptively and in bad faith in violation of certain applicable Rhode Island and Massachusetts laws." (Compl. at ¶ 15). Plaintiffs, however, fail to allege sufficient facts to support their civil conspiracy claim under either Rhode Island or Massachusetts law.

In Rhode Island, the elements required to plead a civil conspiracy are "a combination of two or more persons to commit an unlawful act or to perform a lawful act for an unlawful purpose." Paradis v. Zarella, C.A. No. 92-1422, 1996 WL 936914, at *5 (R.I. Super. Apr. 2, 1996). If the required intent is missing, there can be no claim of civil conspiracy. Id. (citing State v. Giorgi, 339 A.2d 268, 270 (R.I. 1975)). Here, the Plaintiffs have failed to allege that Federal and Allstate *intended* to act in concert, let alone ever had any contact with regard to the

Plaintiffs. See id. Accordingly, the civil conspiracy claim plead in Count II of Plaintiffs' Complaint fails under Rhode Island law.

The Plaintiffs' civil conspiracy claims also fails as plead under Massachusetts law.[5] In Massachusetts, there are two types of civil conspiracy: "true conspiracy" and "joint liability conspiracy." Johnson v. Brown & Williamson Tobacco, 122 F. Supp. 2d 194, 208 (D. Mass. 2000). In order to prove a "true conspiracy," a plaintiff must allege that defendants (1) acted in unison, and (2) possessed some peculiar power of coercion that they would not have had if they had been acting independently. Id. Evidence of mere joint tortious activity is insufficient to prove this type of conspiracy. Id. (citing Milford Power v. New England Power Co., 918 F. Supp. 471, 482 (D. Mass. 1996). To establish a conspiracy under a theory of "joint liability," a plaintiff must prove that (1) a common design or agreement between the defendants to commit a wrongful act, and (2) a tortious act done in furtherance of their plan. Id. (citing Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994)).

In this case, Plaintiffs have failed to sufficiently plead a "true conspiracy" because there are no allegations in the Complaint that Federal and Allstate acted in unison in any way whatsoever. The Complaint merely alleges that "Allstate and Federal conducted their claims practices deceptively," but never alleges that the two insurance companies acted together, let alone had any contact regarding the Plaintiffs. Moreover, the Complaint also fails to allege that Federal or Allstate had a "peculiar power of coercion" over the Plaintiffs as a result of any joint

[5] Although Plaintiffs appear to assert claims under both Rhode Island and Massachusetts law, Defendants submit that Rhode Island law applies to this action. Although the Plaintiffs now live in Massachusetts, the underlying traffic accident occurred in Rhode Island where they were living at the time. Additionally, the vast majority of the post-accident conduct allegedly at issue in this case occurred while the Plaintiffs were Rhode Island residents. (See Compl. at ¶ 2) (stating that "Plaintiffs have been a resident of Massachusetts for the past several years," while at the same asserting that the Plaintiffs' contact with Federal and the Individual Defendants occurred in 1999 – 2001). Nonetheless, for purposes of this Motion, Federal and the Individual Defendants have defended the allegations under both states' laws because they believe they are entitled to judgment as a matter of law regardless of which state's law the court ultimately applies.

efforts. Similarly, Plaintiffs have failed to plead a "joint liability" conspiracy. Although Count II alludes to the tort of bad faith, the Plaintiffs have failed to allege that Federal and Allstate acted together as part of any common design or agreement to act in bad faith.

Consequently, Count II of the Plaintiffs' Complaint fails a matter of law.

**C. COUNT III FAILS AS A MATTER OF LAW BECAUSE M.G.L. 176D AND R.I. GEN. LAWS § 27-9.1-1 DO NOT PROVIDE FOR A PRIVATE RIGHT OF ACTION.**

In Count III of their Complaint, Plaintiffs allege that Federal and the Individual Defendants' conduct constitutes violations of M.G.L. 176D and R.I. Gen. Gen. Laws § 27-9.1-1, Massachusetts' and Rhode Island's statutes prohibiting unfair or deceptive trade practices in the business of insurance.

Even assuming the veracity of the allegations set forth in the Complaint, as this Court must in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Count III fails as a matter of law because neither the Massachusetts statute nor the Rhode Island statute is enforceable via a private right of action. See Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 544 n.1 (1st Cir. 1993) ("[Plaintiff] also invoked chapter 176D prohibiting unfair and deceptive insurance practices, but that statute provides no private cause of action and is enforceable only by the commissioner of insurance."); Ryan v. Fallon Comm. Health Plan, Inc., 921 F. Supp. 34, 38 (D. Mass. 1996) (holding that no private right of action exists under M.G.L. ch. 176D); Mahaney v. John Hancock Mutual Life Ins. Co., 380 N.E.2d 140, 142 (Mass. App. Ct. 1978) (holding that trial judge was correct in dismissing claim under M.G.L. ch. 176D because it affords no private right of action). Indeed, the Rhode Island statute explicitly provides that "nothing in this chapter shall be construed to create or imply a private cause of action for violation of this chapter." R.I.

Gen. Laws § 27-9.1-1. Therefore, Federal and the Individual Defendants are entitled to judgment as a matter of law with respect to Count III of the Plaintiffs' Complaint.

### D. COUNTS III, V AND VI SHOULD BE DISMISSED WITH REPSECT TO THE INDIVIDUAL DEFENDANTS BECAUSE THEY ARE IMPROPERLY NAMED AS DEFENDANTS.

In Counts III, V and VI of the Complaint, Plaintiffs assert claims directly against the Individual Defendants. Despite being named individually in the litigation, the allegations of the Complaint make clear that the Individual Defendants were named as defendants in this action solely on account of their employment with Federal. (See Compl. at ¶ 3) (alleging that "Defendants Julie Zink with a usual place of business in Connecticut and Leslie A. Shapiro with a usual place of business in Massachusetts were claims employees of [Federal]"). Accordingly, these counts should be dismissed because the Individual Defendants, who were acting in the course of their employment on behalf of Federal, cannot be held personally liable as a matter of law.

"It has long been settled that an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority." Cardente v. Maggiacomo Ins. Agency, Inc., 272 A.2d 155, 156 (R.I. 1971); see Alterio v. Biltmore Constr. Corp., 377 A.2d 237, 241 (R.I. 1977); Cort v. Bristol-Myers Co., 431 N.E.2d 908, 911 n.5 (Mass. 1982). In Cardente, the Rhode Island Supreme Court held that an insurance agent who fails to make policy changes requested by an insured is not responsible to the insured for failures with respect to that policy. See id.

In this case, the only allegations directed towards the Individual Defendants regarding all of the counts in the Complaint are as follows:



PRV_788546_2/RRIPPLE

- "On or about December 10, 1998, defendants [Federal] and Zink asked Plaintiffs to sign certain "Authorization For Medical Information" forms." (Compl. at ¶ 11).
- "During 1999 – 2001 Plaintiffs' doctors notified them that defendant Zink will pay their accident bill contingent upon they mail [sic] the doctor's notes to [Federal]. . . . Because of Zink's refusal to pay doctor's bills and Farahani's increasing financial difficulty he was compelled to stop seeking psychiatric treatment." (Compl. at ¶ 12).
- "On Nov. 17, 1999, Farahani's father wrote to Zink explaining the Medical Authorization Forms violated certain Rhode Island health, insurance, and privacy laws. Defendants Zink and Shapiro were however adamant that no medical payment coverage will be provided by [Federal] absent Plaintiffs' signed medical authorization forms." (Compl. at ¶ 13).

Even assuming the truth of these allegations for purposes of the Motion to Dismiss, they fail to state a claim against the Individual Defendants sufficient to warrant them being named as individual defendants in the litigation. According to the Complaint, the Individual Defendants were clearly acting on behalf of Federal during their interactions with the Plaintiffs. Additionally, the Plaintiffs concede in the Complaint that they knew the Individual Defendants were acting on behalf of Federal with respect to the handling of their claims. Therefore, Counts III, V and VI should be dismissed to the extent that they allege claims against the Individual Defendants.

### E. COUNT V FAILS AS MATTER OF LAW BECAUSE PLAINTIFFS FAIL TO ALLEGE ANY FACTS INDICATING THAT FEDERAL OR THE INDIVIDUAL DEFENDANTS CAUSED THE ALLEGED LOSS OF CONSORTIUM.

In Count V of the Complaint, Plaintiffs allege statutory claims for loss of consortium under R.I. Gen. Laws § 9-1-41 (loss of society and companionship) and R.I. Gen. Laws § 9-1-47 (loss of homemaker services). These claims fail as a matter of law, however, because Plaintiffs have failed to allege any facts showing that Federal or the Individual Defendants caused their alleged loss of consortium.

Plaintiffs essentially have alleged in the Complaint that Federal and the Individual Defendants improperly failed to provide coverage for their medical expenses because of the Plaintiffs' refusal to provide the requisite medical information. Even assuming the truth of these allegations for purposes of this Motion, Plaintiffs do not allege any loss of consortium whatsoever resulting from Federal or the Individual Defendants' conduct. The Complaint does allege that Farahani developed serious medical problems, see Compl. at ¶ 7, but it explicitly states that these injuries were *caused* by the accident – an event with which Federal is not alleged to have had any involvement. Federal and the Individual Defendants are therefore entitled to judgment as a matter of law with respect to Plaintiffs' loss of consortium claims.

Moreover, even if Plaintiffs had sufficiently alleged claims for loss of consortium, they are time-barred. Loss of consortium claims are subject to a three (3) year statute of limitations. See R.I. Gen. Laws § 9-1-14(b). In their Complaint, Plaintiffs allege that Federal and the Individual Defendants requested that they sign the medical authorization forms as far back as December 10, 1998. See Compl. at ¶¶ 11-13. Accordingly, Plaintiffs' loss of consortium claims fail as a matter of law because the claims were not brought until November 18, 2006 -- years after they expired.

**F. COUNT VI OF THE COMPLAINT FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS FAILED TO DELIVER A DEMAND LETTER PRIOR TO FILING THEIR M.G.L. ch. 93A CLAIM.**

In Count VI of the Complaint, Plaintiffs allege that Federal and the other defendants violated M.G.L. ch. 93A "through their acts, omissions, and deceptive or unfair trade and or insurance practices . . . ." (Compl. at ¶ 19). The Plaintiffs' 93A claim in Count VI fails as a matter of law with respect to Federal, however, because they failed to mail or deliver a demand letter to Federal prior to filing suit under the act. M.G.L. ch. 93A states, in pertinent part, that:



PRV_788546_2/RRIPPLE

> [A]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.

M.G.L. ch. 93A, § 9(3). Importantly, not only must a plaintiff comply with the demand letter requirement of ch. 93A, a plaintiff must also allege in the Complaint and later prove that he has complied with the procedural requirements under the statute in order to pursue a claim. <u>See</u> <u>Spring v. Geriatric Auth. of Holyoke</u>, 394 Mass. 274, 288 (1985) (citing <u>York v. Sullivan</u>, 369 Mass. 157, 162-63 (1975)).

Here, Plaintiffs did not mail or deliver a demand letter upon Federal or the Individual Defendants prior to the filing of its Complaint. More importantly, for purposes of this motion, the Complaint fails to allege that the Plaintiffs complied with this procedural requirement of the statute. Accordingly, the M.G.L. ch. 93A claim contained in Count VI fails as a matter of law and should be dismissed.

### G. <u>COUNT VI ALSO FAILS AS A MATTER OF LAW BECAUSE R.I. GEN. LAWS § 6-13.1-2 DOES NOT APPLY TO THE INSURANCE INDUSTRY.</u>

In Count VI of the Complaint, the Plaintiffs also allege that Federal and the Individual Defendants violated Rhode Island's Deceptive Trade Practices Act ("RIDTPA"), R.I. Gen. Laws § 6-13.1-2. This claim fails as a matter of law because insurance, the activity in which Federal and the Individual Defendants are alleged to have been engaged in with respect to this action, is exempt from the strictures of RIDTPA. Section 6-13.1-4 provides, in pertinent part, that:

> Nothing in this chapter shall apply to actions or transactions permitted under laws administered by *the department of business regulation or other regulatory body or officer acting under statutory authority of this state* or the United States.

R.I. Gen. Laws § 6-13.1-4 (emphasis added). In <u>State v. Piedmont Funding Corp.</u>, 382 A.2d 819 (R.I. 1978), the court held that since the business of buying and selling insurance is an activity

that is approved by a Rhode Island regulatory body, it falls within the exemption in R.I. Gen. Laws § 6-13.1-4. Id. at 822; see also Chavers v. Fleet Bank (RI), N.A., 844 A.2d 666, 681 (R.I. 2004) (construing R.I. Gen. Laws § 6-13.1-4).

In this case, as in Piedmont, Federal is engaged in the sale of insurance, which is an activity that is regulated by the Insurance Division of Rhode Island's Department of Business Regulation. Consequently, as evidenced by the exemption in R.I. Gen. Laws § 6-13.1-4, the General Assembly did not intend for RIDTPA to apply to Federal or the individual Defendants' conduct in this case.

## IV. CONCLUSION

For the reasons stated herein, Defendants Federal Insurance Company, Julie Zink and Leslie Shapiro's Motion to Dismiss pursuant to Rule 12(b)(6) should be granted.

FEDERAL INSURANCE COMPANY, JULIE ZINK, AND LESLIE SHAPIRO

By their Attorneys,

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 27, 2006, a true and correct copy of the foregoing Memorandum of Law was served by U.S. mail, first-class postage prepaid, on:

Mr. Ghodrat Farahani
Ms. Ireene Aromin
126 Brook Street
Rehoboth, MA 02769