# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**FARAHANI, et al.**

**Plainiffs**

**v.** **C.A. No. 06-89ML**

**CHUBB GROUP OF INSURANCE COMPANIES, et al.**

**Defendants**

**REMOVED PLAINTIFFS GHODRAT FARAHANI & IREENE AROMIN'S EX PARTE MOTION TO EXTEND TIME REGARDING CERTAIN REMOVAL DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.5(A) & 6(B)(1)**

Pursuant to Fed.R.Civ.P.5(a) & 6(b)(1), the removed Plaintiffs, Ghodrat Farahani ("Farahani") and Ireene Aromin (Aromin), pro se, move this court to extend time to respond and oppose certain defendants' motion to dismiss. Grounds for this motion are as follows.

1. On or about Nov 1998 plaintiffs were involved in an auto accident in Cranston, Rhode Island. On or about Nov 2005, Plaintiffs, citizens of Rehoboth, Massachusetts, out of preponderance of caution over certain statute of limitation and jurisdictional issues, filed two identical civil actions against the same identical defendants regarding the same claims in the Superior Courts of Providence County, Rhode Island, and Bristol County, Massachusetts.

2. On Feb 27, 2006, removal defendants Federal Insurance Company ("Federal") [incorrectly named as "Chubb Group of Insurance Companies" in both state court

actions], Julie Zink, and Leslie Shapiro removed plaintiffs' Rhode Island civil action to this court pursuant to 28 U.S.C. §1441, alleging "this court has original jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)."[1] Federal's "Petition for Removal" has also alleged that two of its employees, defendants "Zink and Shapiro have been improperly joined as Defendants in this action and that if Shapiro had not been named individually there would be *complete diversity between parties*." (italics added).

3. The claims and parties to this removed U.S. District Court case, C.A. No. 06-89ML, arise from the same or substantially identical transactions, happenings and events, and are the same identical claims and parties in the recently filed Superior Court civil action, Farahani et al v. Chubb Group of Insurance Companies, et al, case number 2005-01277-A, Bristol County, Massachusetts. Both defendants Allstate Insurance Company ("Allstate") and Evenflo Company Inc., ("Evenflo") which are parties to this removed case, have already served on plaintiffs certain dispositive motions under the Massachusetts action, thereby expressing their interests to litigate the Massachusetts case.[2] Defendant Allstate has also served on plaintiffs its interest to litigate the Rhode Island state court action in the state court by serving responsive pleadings.[3]

4. Please note plaintiffs' Rhode Island state complaint at ¶ 4 alleges:

> "Defendant Allstate Insurance Company ("Allstate") is a Massachusetts and Rhode Island Corporation. On or about Nov 1998 Plaintiffs carried a Rhode Island automobile insurance policy with Allstate, policy number 08477678802/12.

---

[1] See "Petition for Removal," P. 2, ¶ 2.

[2] Defendant Allstate moved for dismissal pursuant to Mass.R.Civ.P.12(b)(2) & (6) alleging lack of jurisdiction and statute of limitation. Defendant Evenflo Company Inc moved for dismissal, pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim alleging certain statute of limitation.

[3] Plaintiffs incorporate the Exhibits A - C of "Plaintiff Ghodrat Farahani's Notice of Related Proceedings Pursuant to Local rule 9.1" into this motion herein.

> Defendant William J. Ross ("Ross") with a usual place of business in Rhode Island was a claims representative of Allstate."

Allstate's Answer to the Rhode Island state complaint at ¶ 4 is as follows:

> "Defendants deny that Allstate Insurance Company is a Massachusetts Corporation or that any of its servants or agents were negligent or that any action it took were improper but otherwise *admit* the allegations in *Paragraphs 4*, 8, 9 and 10."[4] (italics added)

5. Plaintiffs assert the "Petition for Removal" was filed in bad faith. Federal's "Local Rule 81(b) Statement" omits important documents. Removal is procedurally defective. Please refer to Plaintiffs' motion to remand (to be filed), Plaintiffs' Response to the Petition for removal, and Plaintiffs' motion for costs (to be filed).

6. Plaintiffs assert they have very limited means to litigate this removed case, both in terms of expenses, legal research, time and efforts, not to mention they are somewhat ignorant about litigation in a federal court. This removal was unexpected, uncalled for, and is improperly motivated. The removal is more than the so-called "forum shopping," it also shows the sort of gamesmanship bordering on misrepresentation to the court. See plaintiffs' upcoming motions to remand and for costs.

7. If plaintiffs' allegations that removal was improper, defective, and baseless are true,[5] see the motion to remand, then the removal defendants' motion to dismiss would create an extra and unnecessary pleading burden on plaintiffs in terms of research and opposition pleadings, not to mention the burden on this court's resources. Plaintiffs have

---

[4] Contradicting the Petition for Removal, Allstate's Rhode Island state court Answer admits it is a Rhode Island Corporation and admits to be sued in the Rhode Island *state court*. It also admits that its employee and agent, defendant William J. Ross, has a usual place of business in Rhode Island. Allstate's Answer denies it is a Massachusetts Corporation. However as the First Amended Massachusetts Complaint asserts, Allstate has significant business presence in Massachusetts, making it equally amenable to Massachusetts' jurisdiction and service. See the First Amended Massachusetts complaint, Exhibit A of the notice of related proceeding, at ¶ 4. Plaintiffs have great interest in litigating their claims in Massachusetts however.

[5] See Exhibit C of plaintiff's Notice of Related Proceedings showing Allstate's answer to plaintiffs' Rhode Island state court complaint admitted state court's jurisdiction over Allstate and William J. Ross, thereby visibly showing the improper nature of the removal.

already spent many expensive hours of research into this allegedly frivolous removal and cannot afford additional unnecessary pleadings and efforts toward this motion to dismiss at this time.

## THE CASE LAW IN SUPPORT OF THIS EX PARTE ENLARGEMENT OF TIME

Under the Fed.R.Civ.P.6(B)(1) Plaintiffs are allowed to bring an ex parte request or motion for more time to conduct their pleading obligations. Rule 6(b) states that:

> "when by these rules or by a notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) *with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed.*" (emphasis added)."

Furthermore, Fed. R. Civ. P. 5(a) states:

> "*except as otherwise provided* in these Rules, or unless the court on motion with or without notice or of its own initiative otherwise orders, every order required by its terms to be served, every pleading . . . , every paper . . . , every written motion other than one which may be heard ex parte . . . shall be served upon each of the parties." (italics added)

The phrase "except as otherwise provided" in Rule 5(a) refers to motions which may be made ex parte. Under Rule 6(b), request for enlargement of time may be made prior to expiration of the applicable period.

"Rule 6(b)(1) does not require that a request be made by motion, and the regular practice in this district is to rule on such requests by memorandum endorsement. See Fed. R. Civ. P. 6(b)(1) (with or without motion or notice)." Choi v. Chemical Bank, 939 F.Supp. 304, 309 (S.D.N.Y. 1996). "Plaintiff's motion for extension was made before the December 12, 2001 deadline had passed and is governed by Rule 6(b)(1). Rule 6(b)(1) motions are liberally granted. . . As is true of all the Federal Rules of Civil Procedure, Rule 6 is to be construed and administered to secure the just, speedy, and inexpensive

determination of every action." Curtis v. Norfolk Southern Railway Co., No. 1:01CV00869 (M.D.N.C. 2002). In Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990), the U.S. Supreme Court distinguished between the Federal Rule 6(b)'s "requests" and "motions" stating that:

> Rule 6(b) establishes a clear distinction between "requests" and "motions," and the one cannot be converted into the other without violating its provisions . . . Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time. Whether the request is made "with or without motion or notice," provided the request is made before the time for filing expires. After the time for filing has expired, however, the court . . . may extend the time only "upon motion."

See also 4B Wright & Miller, *Federal Practice and Procedure* § 1165:

> "Federal Rule 6(b) governs the enlargement of time periods prescribed by the federal rules or by an order of the district court . . . The rule gives the court extensive flexibility to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time. The court's power to enlarge time under Rule 6(b), however, will be employed to achieve "the just, speedy, and inexpensive determination of every action as required by Rule 1 . . . Rule 6(b)(1) gives the court wide discretion to grant a request for additional time that is made prior to the expiration period."

## Conclusion

Plaintiffs are entitled to bring this ex parte request for extension of time.

## Prayers

Allow Plaintiffs to respond and oppose defendants' motion to dismiss *only after* this court determines it has jurisdiction over this case based on plaintiffs' motion to remand, which motion shall be filed in a few days.

Respectfully submitted this March 8, 2006.

Ghodrat Farahani, Plaintiff, pro se
Ireene Aromin, Plaintiff, pro se
126 Brook Street
Rehoboth, Mass 02769
Tel: 508 252-4914