# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **FARAHANI, et al.**<br><br>**Plainiffs**<br><br>**v.**<br><br>**CHUBB GROUP OF INSURANCE COMPANIES, et al.**<br><br>**Defendants** | ) | **C.A. No. 06-89ML** |

## PLAINTIFF GHODRAT FARAHANI'S NOTICE OF RELATED PROCEEDINGS PURSUANT TO LOCAL RULE 9.1

Plaintiff Ghodrat Farahani makes the following notice[1] and statements:

1. On or about Nov 2005, Plaintiffs, Ghodrat Farahani and Ireene Aromin, pro se, citizens of Rehoboth, Massachusetts, out of preponderance of caution over certain statute of limitation and jurisdictional issues, filed two identical civil actions against the same identical defendants over the same claims in the Superior Courts of Providence County, Rhode Island, and Bristol County, Massachusetts.

2. On Feb 27, 2006, defendants Federal Insurance Company [incorrectly named as "Chubb Group of Insurance Companies" in the state court actions], Julie Zink, and Leslie Shapiro removed plaintiffs' Rhode Island civil action to this court.

3. The claims and parties to this removed U.S. District Court case, C.A. No. 06-89ML, arise from the same or substantially identical transactions, happenings and events,

[1] L R Cv 9.1 states: "Whenever a case pending in this Court involves a claim, occurrence, or event which is at issue in a proceeding pending before another tribunal, any party or counsel having knowledge of such other proceeding shall promptly file a 'Notice of related Proceedings.'" Plaintiff interprets L R Cv 9.1's reference to "tribunal" to include state court proceedings.

and are the same identical claims and parties in the recently filed Superior Court civil action, Farahani et al v. Chubb Group of Insurance Companies, et al, case number 2005-01277-A, Bristol County, Massachusetts. See a copy of the First Amended Verified Complaint of the Massachusetts action as Exhibit "A" Plaintiff incorporates Exhibit A's detailed factual, legal, and jurisdictional claims into this notice.

4. Both defendants Allstate Insurance Company[2] ("Allstate") and Evenflo Company Inc., which are parties to this removed case, have already served on plaintiffs certain dispositive motions under the Massachusetts action, thereby expressing their interests to litigate the Massachusetts case. See a copy of those defendants' pleadings under the Massachusetts action as Exhibit "B."

5. Defendant Allstate has also served on plaintiffs its interest to litigate the Rhode Island state court action in the state court by serving responsive pleadings. See a copy of Allstate's Answer to the Rhode Island state complaint as Exhibit "C." Please note plaintiffs' Rhode Island state complaint at ¶ 4 alleges:

> "Defendant Allstate Insurance Company ("Allstate") is a Massachusetts and Rhode Island Corporation. On or about Nov 1998 Plaintiffs carried a Rhode Island automobile insurance policy with Allstate, policy number 08477678802/12. Defendant William J. Ross ("Ross") with a usual place of business in Rhode Island was a claims representative of Allstate."

Allstate's Answer to the Rhode Island state complaint at ¶ 4 is as follows:

> "Defendants deny that Allstate Insurance Company is a Massachusetts Corporation or that any of its servants or agents were negligent or that any action it took were improper but otherwise *admit* the allegations in *Paragraphs 4*, 8, 9 and 10."[3] (italics added)

---

[2] Defendant Allstate Insurance Company moved for dismissal pursuant to Mass.R.Civ.P.12(b)(2) & (6) alleging lack of jurisdiction and statute of limitation. Defendant Evenflo Company Inc moved for dismissal, pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim alleging certain statute of limitation.

[3] Allstate's Answer admits it is a Rhode Island Corporation and admits to be sued in the Rhode Island *state court*. It also admits that its employee and agent, defendant William J. Ross, has a usual place of business in Rhode Island. Allstate's Answer denies it is a Massachusetts Corporation. However as the First Amended Massachusetts Complaint asserts, Allstate has significant business presence in Massachusetts,

6. Plaintiff incorporates Plaintiffs' arguments and pleading under the motion to remand into this notice.

7. Plaintiff requests this court to consider the Massachusetts's verified complaint, Exhibit A, and B in its deliberations.

**Respectfully submitted this March 8, 2006**

**Ghodrat Farahani, Plaintiff, pro se**
**126 Brook Street**
**Rehoboth, Mass 02769**
**Tel: 508 252-4914**

**CERTIFICATE OF SERVICE**

Plaintiff, Ghodrat Farahani, certifies that on March 8, 2006, a true copy of the forgoing document was served on Darlene K. Alt, Esq., Edwards Angell Plamer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903, Paul A. Anderson, Esq., 49 Weybosset Street, Providence, RI 02903, counsels of record under this removed case, by first-class U.S. mail, postage prepaid.

Ghodrat Farahani, Plaintiff, pro se

---

making it equally amenable to Massachusetts' jurisdiction and service. See the First Amended Massachusetts complaint, Exhibit A, at ¶ 4, pleading and incorporating certain facts and citing various statutes alleging Allstate is amenable to Massachusetts' general jurisdiction.