COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

SUPERIOR COURT
CIVIL ACTION NO.2005-01277-A

GHODRAT FARAHANI, IREENE AROMIN, }
Plaintiffs }
}
vs. }
}
CHUBB GROUB OF INSURANCE COMPANIES }
JULIE ZINK; LESLIE A. SHAPIRO; ALLSTATE }
INSURANCE COMPANY; WILLIAM J. ROSS }
& EVENFLO COMPANY, INC. }
Defendants. }
}

**THE DEFENDANT EVENFLO COMPANY, INC.'S MOTION TO DISMISS THE CLAIMS OF THE PLAINTIFFS PURSUANT TO MASS. R. CIV. P. 12(b)(6)**

The defendant, Evenflo Company, Inc. ("Evenflo"), hereby moves this Court for entry of an order dismissing the claims of the plaintiffs, Ghodrat Farahani and Ireene Aromin ("Plaintiffs") asserted against Evenflo pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Evenflo's Motion to Dismiss should be granted for the following reasons: (1) all of the plaintiffs' claims asserted against Evenflo are barred by the applicable statute of limitations; and (2) the plaintiffs' claim for strict liability is not recognized under Massachusetts law. The grounds for this Motion are more fully set forth in the attached memorandum of law.

The Defendant,

EVENFLO COMPANY, INC.
By their attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C

Holly M. Polglase, Esq., BBO# 553271
One Constitution Plaza
3rd Floor
Boston, MA 02129
617-241-3000

Dated: February 24, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served upon counsel for all parties on by mailing a copy by first class mail, postage prepaid, on February 24, 2006, to:

Pro Se Plaintiffs:
Mr. Ghodrat Farahani
Ms. Ireene Aromin
126 Brook Street
Rehoboth, MA 02769

Holly M. Polglase

**COMMONWEALTH OF MASSACHUSETTS**

**BRISTOL, ss.**

**SUPERIOR COURT**
**C.A. NO.: BRCV2005-01277-A**

**GHODRAT FARAHANI; IREENE AROMIN,**
**Plaintiffs**

**v.**

**CHUBB GROUP OF INSURANCE COMPANIES; JULIE ZINK; LESLIE A. SHAPIRO; ALLSTATE INSURANCE COMPANY; WILLIAM J. ROSS; EVENFLO COMPANY, INC.**
**Defendants**

**DEFENDANTS' ALLSTATE INSURANCE COMPANY AND WILLIAM J. ROSS' MOTION TO DISMISS**

The defendants, Allstate Insurance Company and William J. Ross hereby enter a limited appearance in order to move for dismissal pursuant to Mass. Rule of Civil Procedure 12(b)(2) due to a lack of personal jurisdiction over the defendants. The defendants also move to dismiss this action on the grounds that, if this Court has jurisdiction over this matter, it was not timely filed pursuant to the applicable statute of limitations.

The above-captioned civil action concerns an allegation of injury by the plaintiffs. The plaintiffs have alleged that they suffered injuries as a result of involvement in a November 20, 1998 Cranston, Rhode Island motor vehicle accident. (See Exhibit A, Complaint). The plaintiffs, now allegedly Massachusetts residents, allege that they presented a claim to Allstate Insurance Company pursuant to the plaintiffs' Rhode Island automobile insurance policy in effect with Allstate Insurance Company.

The Complaint does not allege any contact whatsoever between the defendants, and the Commonwealth of Massachusetts other than the fact that the plaintiffs have alleged that they are now Massachusetts residents.

Under Massachusetts law, plaintiffs seeking to establish personal jurisdiction have the dual burden of establishing not only that the Massachusetts Long-Arm Statute authorizes jurisdiction but also that any such exercise of jurisdiction comports with constraints imposed by the United States

Constitution. See Noonan V. Winston, 902 F.Supp. 298 (D. Mass. 1995). The Massachusetts "Long-Arm" Statute (Mass. Gen.L. Ch. 223A sec. 3) permits Massachusetts courts to exercise jurisdiction over out-of-state residents only in limited circumstances. The plaintiffs have failed to allege any jurisdictional basis sufficient to permit this Court to exercise personal jurisdiction over the defendants. The Complaint does not allege that the defendants are domiciled in Massachusetts, that they transact business in Massachusetts, that they caused tortious injury by an act or omission in Massachusetts, that they regularly solicit business in Massachusetts or that they own real property located in Massachusetts. Further, because the plaintiff has failed to allege any contact between the defendant in Massachusetts, an exercise of jurisdiction would clearly violate the constraints imposed by the United States Constitution.

For all the reasons set forth above, the defendant moves for the dismissal, with prejudice, of the plaintiff's Complaint on the ground that the defendants are not subject to the Court's personal jurisdiction. The plaintiffs have filed an identical civil action in a Rhode Island Court against the defendants. (Please see Exhibit "B").

Furthermore, even if this Court does have, which the defendants deny, jurisdiction over this matter it has not been timely filed. The plaintiffs are alleging uninsured motorist claims. The applicable statute in Massachusetts is six (6) years for such a claim. Goodman v. American Cas. Co., 419 Mass. 138, 643 NE2d (1994).

WHEREFORE, for the reasons set forth above, the defendants respectfully request that this matter be dismissed from the Massachusetts Court.

Respectfully submitted,
The defendants,
by Their attorneys

LOGAN & LOHAN, LLP

KEVIN P. LOHAN
14 Granite Street
Quincy, MA 02169
(617) 479-7070
BBO #551372

Dated: February 21, 2006