# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

ORIGINAL

| | | |
|---|---|---|
| **FARAHANI, et al.** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **C.A. No. 06-89ML** |
| **CHUBB GROUP OF INSURANCE COMPANIES, et al.** | ) | |
| **Defendants** | ) | |

**REMOVED PLAINTIFFS GHODRAT FARAHANI AND IREENE AROMIN'S MOTION TO REMAND**

Removed Plaintiffs, Ghodrat Farahani and Ireene Aromin[1], pro se, move this court to remand this case to the Rhode Island Superior Court because this court has no jurisdiction over this case. Additionally removal was and is procedurally defective and improperly motivated. In support of their motion to remand, plaintiffs submit the accompanying memorandum of law.

Respectfully submitted this March 14, 2006

Ghodrat Farahani, Plaintiff, pro se
Ireene Aromin, Plaintiff pro se
126 Brook Street
Rehoboth, Mass 02769
Tel: 508 252-4914
Fax: 508 252-4924

[1] Ireene Aromin joins in Ghodrat Farahani's motion to remand without arguing and filing separately.

## CERTIFICATE OF SERVICE

Plaintiff, Ghodrat Farahani, certifies that on March 14, 2006, a true copy of the forgoing document was served on Darlene K. Alt, Esq., Edwards Angell Plamer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903, and Paul A. Anderson, Esq., 49 Weybosset Street, Providence, RI 02903, current counsels of record under this removed case, by first-class U.S. mail, postage prepaid.

Ghodrat Farahani

ORIGINAL

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **FARAHANI, et al.** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 06-89ML** |
| | ) | |
| **CHUBB GROUP OF INSURANCE COMPANIES, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF REMOVED PLAINTIFFS GHODRAT FARAHANI AND IREENE AROMIN'S MOTION TO REMAND

Removed Plaintiffs, Ghodrat Farahani ("Farahani") and Ireene Aromin (Aromin)[1], pro se, move this court to remand this case back to the Rhode Island Superior Court because this court has no jurisdiction over this case, and removal was and is procedurally defective and improperly motivated. Grounds for this motion are as follows.[2]

1. In 1998, plaintiffs lived in Cranston, Rhode Island. During 1990-1998 Farahani worked and lived overseas most of the time, however always keeping his Massachusetts citizenship. In 1996, Farahani married Aromin, a citizen of Cranston, Rhode Island, but continued to work overseas. In 1997, Aromin became pregnant. In 1998, Farahani arranged for an extended leave from his overseas work in order to stay in Cranston for several months in expectation of Aromin's pregnancy.[3] On November 20, 1998, Farahani drove

---

[1] Ireene Aromin joins in Ghodrat Farahani's motion to remand without arguing and filing separately.

[2] This motion incorporates plaintiff Ghodrat Farahani's notice of related proceedings and plaintiffs' response to the "petition for removal."

[3] See Exhibit A, the First Amended Massachusetts complaint, in Plaintiff's Notice of Related Proceedings.

Aromin's company owned car and was involved an accident in Cranston with an uninsured Rhode Island Driver. The company fleet car was insured by Federal Insurance Company with a usual place of business in Warren, New Jersey. Plaintiffs' owned car was insured by Allstate. Defendant Allstate Insurance Company and its claims agent, defendant William J Ross, a citizen of Rhode Island, (collectively as "Allstate"), in bad faith misrepresented coverage and denied uninsured motorist benefits under plaintiffs' Allstate policy. Seven years later, on or about Nov 2005, Plaintiffs, now citizens of Rehoboth, Massachusetts, out of preponderance of caution over certain statute of limitation and jurisdictional issues, filed two identical civil actions, pro se, against the same identical defendants regarding the same claims in the Superior Courts of Providence County, Rhode Island, and Bristol County, Massachusetts. Both state court actions pleaded jurisdiction was proper in each state court. See "Plaintiff Ghodrat Farahani's Notice of Related Proceedings...ETC", which pleading is incorporated into this motion herein. The First Amended Verified Complaint of the Massachusetts action, see Exhibit A of that Notice of Related Proceedings, pleaded more detail facts and certain Massachusetts statutes that plaintiffs argue shall rest jurisdiction with Massachusetts. Plaintiffs wish to litigate their case in Massachusetts. However, the Rhode Island Superior Court equally has jurisdiction over this case.

2. On Feb 27, 2006, defendants Federal Insurance Company [incorrectly named as "Chubb Group of Insurance Companies" in both Rhode Island and Massachusetts Superior Court actions], Julie Zink ("Zink"), and Leslie Shapiro ('Shapiro") (collectively as "Federal")], removed plaintiffs' Rhode Island civil action to this court pursuant to 28 U.S.C. §1441, alleging "this court has original jurisdiction over this matter based upon

diversity of citizenship pursuant to 28 U.S.C. §1332(a)."[4] Zink has a usual place of business in Connecticut. Shapiro is a citizen of Massachusetts with a usual place of business in Boston, Mass. Federal's "Petition for Removal" alleged "Zink and Shapiro have been improperly joined as Defendants in this action and that *if Shapiro had not been named individually there would be complete diversity between parties*." (italics added).[5] See "Plaintiffs' Response to Federal's "Petition For removal,'" denying diversity exits, that this court has jurisdiction over this case, and leaving Federal to its burden of proof. Even assuming Shapiro was "improperly" joined, which plaintiffs deny, Federal's removal still does not present diversity because both plaintiffs and Allstate have chosen the Providence Superior Court as their choice of forum.

3. Because the removal notice stayed all proceedings in Rhode Island, plaintiffs were unable to timely amend their Rhode Island complaint. However, plaintiffs did amend their Massachusetts complaint, based on limited information that have had on the nature of Federal's insurance coverage regarding this accident, which pleading and its factual assertions is incorporated into this motion herein.[6]

4. Federal's "Petition for Removal," hereinafter the notice of removal, suffers from serious procedural defects and factual omissions that make this court's jurisdiction nonexistent.

4.1 Federal's notice of removal omitted facts, which facts were present in the face of the Rhode Island Complaint, such as omitting the Rhode Island citizenship of defendant

---

[4] See "Petition for Removal," P. 2, ¶ 2.
[5] Ibid, PP 1-2, Petition's statement number 2.
[6] See a copy of the amended Massachusetts complaint under Exhibit A of Plaintiff's Notice of Related Proceedings.

William J. Ross, which made diversity nonexistence irrespective of the citizenship of Shapiro. Notice is not pleaded on factual *grounds* at all as required under 28 U.S.C.A. § 1446(a) and case law authority, but mostly allegations of "information and belief" as to the citizenship of parties, the amount in controversy, and evasive omissions of relevant facts. It is also premised on conclusory allegation that Shapiro has been "improperly" joined, which plaintiffs deny.

4.2 Plaintiffs' Response to the petition for removal denied Federal's allegations creating a *strict burden of proof* upon Federal. to prove diversity and that controversy exceeds $75,000.00 per each plaintiff[7] before it moves ahead with this case.

4.3 Federal's removal notice is not signed under Fed.R.Civ.P.11 as statutorily required under 28 U.S.C.A. § 1446(a), the applicable statute under this removed case.

4.4 Federal's "Local Rule 81(b) Statement" omitted certain plaintiffs' documents on service of process filed with the Providence Superior Court on 02/15/2006. See the "Index of Documents" under Federal's Rule 81(b) statements, the reference to the "Docket Event Listing Sheet," which is a copy of the Providence Superior Court's Civil Docket Sheet. That "Docket Sheet" references an entry of 02-15-2006, "other document." That other document is copies of six notices of lawsuit, served on each defendant pursuant to Rhode Island long-arm statute, along with the original U.S. mail-returned receipts, i.e., proof of

[7] Note the state court actions did not make any specific monetary demands. That was not done in bad faith to deny Federal's alleged right to federal jurisdiction. Despite there are demands for punitive damages, and other damages, plaintiffs themselves have no realistic or professional knowledge how much their claims worth and what is covered or not and under what policy. Federal has wrongfully kept plaintiffs in the dark for the past seven years as to any coverage under the company car. According to Federal's own motion to dismiss filed with this same court plaintiffs allegedly have never had insurance coverage with Federal, i.e., no cause of action at all. Therefore, it is not clear where and how Federal is alleging information and belief as to the amount of the controversy. See the detail legal arguments on the amount of controversy and Federal's burden of proof, infra.

service. Service was made on all defendants by Feb 9, 2006. Regretfully Federal omitted those documents from its "Index."

4.5 Allstate's answer to the Rhode Island state court complaint, served on plaintiffs on Feb 23, 2006,[8] admitted Allstate was a Rhode Island Corporation and that defendant William J. Ross was a citizen of Rhode Island. While Allstate is a national insurer, with a usual place of business in Northbrook, Illinois, Allstate in fact has significant physical presence and business dealings in both Rhode Island and Massachusetts. Under certain applicable Massachusetts and Rhode Island corporation laws, see patricianly G.L.c. 223A, §38 and certain state and First Circuit case laws, Allstate is considered as a domestic corporation for jurisdictional purposes in both states. Allstate has corporate presence in Warwick, Rhode Island, and Quincy, Massachusetts.[9] Federal's removal notice knowingly omitted facts in order to create diversity by alleging information and belief whereas both plaintiffs, by and through the act of filing a complaint in Providence Superior Court, and Allstate's counsel, by and through the act of answering the complaint and admitting his clients' Rhode Island citizenships, destroyed any diversity even if in fact any had ever existed.

4.6 Federal's removal notice is procedurally defective because none of the defendants joined in this removal. Defendant Evenflo Company, Inc was served by Feb 7, 2006. Others were served by Feb 9, 2006. Federal filed its notice of removal on Feb. 27, 2006. Federal had an obligation to concur with other *served* defendants to join them in this

---

[8] See a copy of that answer under Exhibit C, "Plaintiff Ghodrat Farahani's Notice of Related Proceedings."
[9] Plaintiffs are not attempting to prove the citizenship and amenability of Allstate to state courts' jurisdictions and service in Rhode Island and or Massachusetts, as under this notice of removal, the burden of any proof as to this court's jurisdiction is upon Federal, not plaintiffs. See the legal arguments *infra.*

removal even if diversity existed which there is none. Those defendants who were served and failed or refused to remove the case or join in this removal waived their rights to this court's jurisdiction even if diversity ever existed which there was none. Above all, on or about Feb 21, 2006, Allstate already answered the state complaint and thereby waived its rights to join in this removal.

## LEGAL ARGUMENTS

### Standard On A Motion To Remand: Federal Has A Strict & Heavy Burden Of Proof As To This Court's Jurisdiction

Plaintiffs are said to be the masters of their complaint and what law they will rely on. Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1915); Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 23 (1913). Because the effect of Federal's removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809 (1986), which mandates this court's strict construction of the removal statute.

"It is, of course, familiar law that the right of removal being statutory, a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280, (1918) (citation omitted). The proper response to Federal's removal is a motion to remand. Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corp., 440 F.Supp. 461, 463 (D.C.Mass. 1977). Generally, the remand of a case that has been removed to federal court is governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c). A motion to remand the case based on any defect in removal procedure must be made within 30 days

after the filing of the notice of removal under section 1446(a). This motion is therefore timely filed because this case was removed on or about Feb. 27, 2006.

First, as stated in above, the removal statute is to be given a strict construction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941). Second, the burden of establishing jurisdiction rests upon Federal seeking to invoke it and cannot be placed upon the plaintiffs who challenge it. See Gold-Washing & Water Company v. Keyes, 96 U.S. 199, 202 ( 1877 ); Carson v. Dunham, 121 U.S. 421, 425 (1887); Powers v. Chesapeake & Ohio Railway Company, 169 U.S. 92, 101 (1898); Crehore v. Ohio & Mississippi Railway Company, 131 U.S. 240, 244 (1889) ; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, (1936); Bearse v. Main Street Investments, 170 F.Supp.2d 107, 111 (D.Mass.,2001). Citing Massachusetts School of Law at Andover, Inc. v. American Bar Assoc., 142 F.3d 26, 34 (1st Cir.1998). Third, on conducting its review of Federal's removal this court must take "specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff." *Bearse*, supra; Brawn v. Coleman, 167 F.Supp.2d 145, 148 (D.Mass. 2001); BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir.(Me.) 1997); C. Pappas Co., Inc. v. E. & J. Gallo Winery, 1984 WL 2930, *2 (D.Mass. 1984). Fourth, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. See Buchner v. F.D.I.C., 981 F.2d 816, 819 (5th Cir., 1993).

Fifth, "any substantial doubts as to the propriety of removal must be resolved against the proponents of a federal forum. The district court, in a challenged case, may

retain jurisdiction only where its authority to do so is clear. Any other holding would detract from principles of federalism, comity, and the sovereignty of the several states." Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1230 (D.R.I.,1986) (citations omitted; Healy v. Ratta, 292 U.S. 263, 270, (1934); McCaffrey v. Wilson & Co., 10 F.2d 368, 369 (D.Mass.1926); Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999); American Buildings Co. v. Varicon, Inc., 616 F.Supp. 641, 643 (D.Mass.1985); Adorno Enterprises v. Federated Department Stores, 629 F.Supp. 1565, 1573 (D.R.I.1986); Chin v. Holiday Cruises II, Inc. 141 F.R.D. 367, 369 (D.Mass. 1992).

**Federal's Removal Notice Is Procedurally Defective, And Not Signed In Good Faith And Under Rule 11 As Required Under 28 U.S.C. §1446(a)**

28 U.S.C. §1446(a), the procedure for removal, states: "A defendant *or defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal *signed pursuant to Rule 11 of the Federal Rules of Civil Procedure* and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*"

Wright & Miller, 14C Fed. Prac. & Proc. Juris.3d § 3733 (herein referred to as "Wright & Miller") states that prior to 1988, a removal defendant was required to file a "petition" with detailed verified fact as to court's jurisdiction under removal. The requirement that a verified petition be part of the removal papers was eliminated for simplicity and in its place subdivision (a) now requires a "notice of removal signed pursuant to Rule 11." Wright & Miller states that the change from "petition" to "notice"

was not intended to do away with the substance of the removal, i.e., a showing of factual grounds in support of court's jurisdiction. The sanctions authorized by Rule 11 were deemed an adequate remedy for a false statement made in removal papers. Ibid. See also Oakley, John B. "Recent Statutory Changes In the Law of Federal Jurisdiction and Venue: The Judicial Improvement Acts of 1988 and 1990," 1991, 24 U.C.Davis L.Rev. 735, 751, holding: "The removal statute expressly reminds the removing party that the removal document is subject to the standards of care and integrity independently demanded...by Rule 11."

Plaintiffs highlight, *inter alia*, the following procedural defects with the Federal's removal notice of Feb 27, 2006: (1) removal was not signed by all *defendants*; (2) removal fails to assert any consent, even an oral one, by other defendants to the removal; (3) removal in bad faith omitted that portion of the lower court's docket entry as to plaintiffs' "copy of all process;" (4) Federal's counsel failed to sign the removal pursuant to Rule 11; (5) removal omitted the Rhode Island citizenship of defendant Ross; (6) removal makes conclusory and vague "information and belief" type of allegations as to the citizenship of other defendants; (7) removal makes conclusory and vague "information and belief" type of allegations as to the amount in controversy. (8) removal's assertion of "improper" joinder of certain Federal's employees is merely a legal conclusion principally premised on and joined to Federal's motion to dismiss.[10]

Federal consciously omitted to present a complete copy of the lower court docket as to service of process, which makes the removal procedurally defective requiring remand. Lorensen v. Jenney Mfg. Co., 158 F.Supp. 928 , 929 (D.Mass.1958) (a petition for

[10] Most of these procedural defects and omissions will be discussed separately in below.

removal that failed to contain a copy of the state court process was defective on its face); Burnett v. Birmingham Bd. of Educ., 861 F.Supp. 1036, 1037 (N.D.Ala., 1994.) (absence in defendant's notice of removal of copy of summons served on defendant was clear procedural defect and [was] fatal); California v. Gibson-Rondon Corp., 421 F.Supp. 149, 150 (D.C.Cal.1974 ) (a petition for removal that failed to contain a copy of the state court process was defective on its face.); Swartz v. Cleveland Worm & Gear Co., 85 F.Supp. 29, 30 (E.D.Mo.1949) (failure to attach all papers served on defendant and filed in state court).[11]

As to Federal's own failure to sign the removal pursuant to Rule 11, plaintiffs assert such failure amounts to a procedural defect that requires remand.[12] Federal's arbitrary removal, if ever appropriate, was not "*signed pursuant to Rule 11.*" See Spillers v. Tillman, 959 F.Supp. 364, 372 (S.D.Miss., 1997) (remanding for failure of defendants to consent to removal and to sign the removal under Rule 11) (citing Baker v. Ford Motor Co., 1997 WL 88260, *2 (N.D.Miss.,1997)). See also Wilkinson v. U.S., 724 F.Supp. 1200, 1204 (W.D.N.C., 1989) (removal must be signed by counsel under Rule 11); Trenton v. Infinity Broadcasting Corp., 865 F.Supp. 1416, 1421 (D.C.Cal.1994) (The Rule 11 signature obligation permits sanctions for improper removal, and attorneys are held to an objectively reasonable standard.); Chrysler First Financial Services Corp. v. Greenfield, 753 F.Supp. 939, 941 (S.D.Fla.1991) (remanding the action because "[t]he other

[11] By omitting any reference to service on other defendant's Federal attempts to lead this court to assume that Federal was the first and only one served thereby having the right to remove the case without other defendants' consent and signature to the removal. Aside from Federal's alleged intention, §1446(a) is and must be applied strictly. Section 1446(a) calls for "*a copy of all process, pleadings, and orders served upon such defendant or defendants*" which Federal failed to comply with.

[12] Federal had 30 days to properly remove a complaint. Federal was served on 02/06/2006. As of this writing Federal did not attempt to amend its removal to correct any procedural defects therefore such right to amendment is lost.

defendants ... have not joined in the United States' petition for removal, nor has the United States indicated on the face of the removal petition whether the remaining defendants agree to removal"); Jasper v. Wal-Mart Stores, Inc., 732 F.Supp. 104, 105 (M.D.Fla.1990) (holding that "the petition must be signed by all defendants or the signer must allege consent of all defendants"); Mechanical Rubber & Supply Co. v. American Saw & Manufacturing Co., 810 F.Supp. 986, 990 (C.D.Ill.1990) (denying remand motion where one defendant represented in the removal petition that the other defendant "joined in the removal," but required the signing defendant to obtain an affidavit from the non-signing defendant manifesting its assent to removal); Landman v. Borough of Bristol, 896 F.Supp. 406, 409 (E.D.Pa.1995) ("Unfortunately for both, one defendant's attempt to speak on behalf of another will not suffice").

Federal's notice of removal also omits important facts as to defendant Ross's Rhode Island citizenship. It is also entirely premised on conclusory assertions of "improper" joinder and "information and belief" as to citizenship of other defendants and the amount in controversy which Federal is left to this strict proof. "Such a generalized allegation…is insufficient to assert diversity jurisdiction." Sopena v. Colejon Corp., 920 F.Supp. 259, 262 (D.Puerto Rico, 1996).

**Federal's Removal is Defective and Improper Pursuant to 28 U.S.C. § 1441(b) Because Defendants Allstate And Ross Have Already Admitted They Are Citizens of Rhode Island And Or Consented To The Providence Superior Court's Forum and Jurisdiction**

Consistent with general principles for determining federal jurisdiction, diversity of citizenship must exist at the time the action is commenced. Newman-Green, Inc. v Alfonzo-Larrain., 490 U.S. 826, 830, (1989). In cases removed from state court, diversity

of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Kanzelberger v. Kanzelberger, 782 F.2d 774, 776 (7th Cir.1986). By filing their complaint with the Providence Superior Court, by legal conclusion, plaintiffs also acquired or submitted to the Rhode Island state court's forum and jurisdiction. The Rhode Island complaint pleaded Allstate [of Warwick] and Ross are citizens of Rhode Island. The notice of removal, at ¶ 2, omits Allstate and Ross's Rhode Island citizenship and instead pleads Allstate, "on information and belief" is not incorporated in Massachusetts. Section 1441(b), actions removable, holds: "Any civil action of which the district courts have original jurisdiction [premised on diversity]....shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Plaintiffs' Rhode Island state complaint, at ¶ 4 states defendants Ross and Allstate are citizens of Rhode Island and or have admitted to be sued in the state court. Therefore, under Section 1441(b) this action was not removable because defendants Ross and Allstate are citizens "of the state on which such action is brought."[13] See Brawn v. Coleman, 167 F.Supp.2d 145, n.4 (D.C.Mass.2001) ("Although the case initially could have been brought in federal court as a diversity matter, *see* 28 U.S.C. § 1332, the Defendants cannot remove the action on that basis because the Defendants both reside in Massachusetts. See... § 1441(b)"); Wright v. Am. Gen. Life & Acc. Ins. Co., 136 F.Supp.2d 1207, 1210 (D.C.Ala.2001) (under complete diversity principles, no plaintiff may be a citizen of the same state as any defendant); JBG/JER Shady Grove v. Eastman Kodak Co., 127

[13] Not to mention by filing their case in Rhode Island there exists no diversity between Plaintiffs and Rhode Island (Allstate/Ross) defendants.

F.Supp.2d 700, 701 (D.C.Md.2001) (removal not allowed when a member of the plaintiff limited liability corporation is a citizen of the same state as the defendant); Sprowls v. Oakwood Mobile Homes, Inc. 119 F.Supp.2d 694, 695 (D.C.Ky.2000) (removal inappropriate when defendant is resident of state in which suit is brought). In re Kevin Adell's Petition to Authorize the Issuance of Subpoenas for Depositions Relating to a Foreign Proceeding, 294 F.Supp.2d 917, 919 (D.C.Mich.2003) (remanding because defendants were citizens of Michigan, the state in which the action was brought). Bouie v. Am. Gen. Life & Acc. Ins. Co., 199 F.Supp.2d 1259, 1262 (D.C.Fla.2002) (remanding because plaintiffs stated a viable claim against individual, non-diverse, defendants, who were citizens of the state in which the action was brought). [14]

**Federal Has An Affirmative Burden To Show The Amount In Controversy Per Each Plaintiff Exceeds $75,000 By A Preponderance Of Evidence**

"[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount

[14] Plaintiffs argue there is other basis for non-diversity. Plaintiffs' first amended complaint, the Massachusetts action, pleads that at all material times relevant to the accident, both plaintiffs were led to believe and continue to believe that they were and are direct *insureds* of Federal. Alternatively plaintiffs were and continue to be third party contract beneficiaries of any and all applicable polices of insurance to the company car and accident. Merck & Company carries a Commercial General Liability policy with Federal and or Chubb & Son. Such CGL polices carry a separate medical payment section, often for the amount of $5,000.00, as Coverage C. Coverage C is designed for direct use of injured parties. Coverage C provides "first-party indemnity insurance" to these plaintiffs. Case law authorities, beyond the scope of this remand, allows direct action by these plaintiffs for example under Coverage C against Federal. Under that Coverage C plaintiffs are considered as insureds of Federal. If this legal statement is true, and for the purposes of Federal's removal under section 1441, pursuant to 28 U.S.C.A. §1332(c)(1) Federal may be considered a citizen of Massachusetts, not New Jersey. 28 U.S.C.A. §1332(c)(1) holds: "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." If plaintiffs as insureds of Federal are citizens of Massachusetts so is Federal. Alternatively by suing Merck & Company, in Massachusetts, Federal assumes a Massachusetts identity even if it id not have any significant business presence in Massachusetts, which it does, thereby destroying any diversity.

in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-274 (2d Cir. 1994) (citing Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir.1961). When no amount is specified in the complaint, "the party opposing remand must prove the required amount by a preponderance of the evidence." Crosby v. Aid Ass'n for Lutherans, 199 F.R.D. 636, 638 (D.Minn., 2001.) (citing Trimble v. Asarco, Inc. 232 F.3d 946, 959 (8th Cir.2000)). Whereas plaintiffs did not specify the total amount of damages demanded, as is the case here, Federal seeking removal based on diversity jurisdiction "must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement...A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citation omitted)

"[S]imply because the court may consider punitive damages does not mean that the federal jurisdictional minimum is satisfied merely because a plaintiff seeks such damages. Rather, the removing defendant must still demonstrate that it is more likely than not that the amount in controversy meets the court's jurisdictional threshold.... Indeed, where there are unresolved doubts as to whether the removing defendant has shown that the amount in controversy has been satisfied, those doubts must be resolved in favor of remand...Thus, unless the removing defendant can demonstrate by a preponderance of the evidence that the damages sought by the plaintiff meet the amount-in-controversy requirement, an

unspecified claim for punitive damages, standing alone, is insufficient to establish federal subject matter jurisdiction." Holman v. Montage Group, 79 F.Supp.2d 1328, 1330 (S.D.Ala., 1999) (citing cases). See also Saunders v. Rider, 805 F.Supp. 17,18 (E.D.La.1992) ("when the removed plaintiff has not pleaded with certainty a request for defined monetary damages, as in this case, 'the defendant should be held to prove to a legal certainty that the plaintiff's claim equals or exceeds the requisite jurisdictional amount.'") (*citing* St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)); Rollwitz v. Burlington Northern R. R., 507 F.Supp. 582, 587 (D.C.Mont., 1981) ("[D]efendant notes that the plaintiff has alleged gross negligence and seeks punitive damages however, neither of these facts standing alone provides any factual basis for concluding that the requisite amount is in controversy… The defendant cannot, by unsupported and contested averment, unilaterally invest this Court with jurisdiction."); Fountain v. Black, 876 F.Supp. 1294 (S.D.Ga., 1994.) (citing Sixth Circuit cases as to removal's burden to show amount in controversy under "legal certainty" test).

Federal's failure to assert any fact and amount in controversy precludes exercise of subject matter jurisdiction over this case. See also following cases remanding when the amount in controversy is not apparent from the face of the plaintiff's state court complaint or the notice of removal. Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir. 1961); Sunburst Bank v. Summit Acceptance Corp., 878 F.Supp. 77, 82 (D.C.Miss.1995); Fountain v. Black, 876 F.Supp. 1294, 1296 (D.C. Ga. 1994); Hohn v. Volkswagen of America, Inc., 837 F.Supp. 943, 945 (D.C.Ill. 1993); Cole v. Great Atl. &

Pac. Tea Co., 728 F.Supp. 1305, 1308 (D.C. Ky. 1990); New York ex rel. Larson v. Holy Spirit Ass'n for World Unification, 464 F.Supp. 196, 198 (D.C. N.Y. 1979).

**Federal's Removal is Defective, Arbitrary, and Improperly Motivated Because Other Defendants Failed Or Refused To Join In The Removal Or Have Waived Their Right To Removal**

Federal's notice of removal is arbitrary because none of the other defendants joined in, consented to, or signed in the removal. Federal's removal was an arbitrary imposition of its "choice of forum not merely on unwilling plaintiffs, but on other unwilling defendants as well." Gibson v. Inhabitants of Town of Brunswick, 899 F.Supp. 720, 721 (D.Me., 1995). Defendants in this case had 30 days to remove and or join in the Federal's removal after they were served. "It is established beyond peradventure that, by virtue of a fair reading of 28 U.S.C. § 1446(a), all defendants who have been served and who are eligible to join the removal petition must so join...In other words, unanimity among all defendants substantively entitled to remove is required for removal." *Gorman,* supra at 1200. "Under subsections (a) and (b) of 28 U.S.C. § 1441, each defendant must join in the removal petition." Ezekiel v. Jones Motor Co., Inc., 377 F.Supp. 273. n.1 (D.C.Mass. 1974). The rule requiring the consent of all defendants for removal rests on firm, longstanding Supreme Court precedent. *See* Chicago, Rock Island & Pacific Ry. v. Martin, 178 U.S. 245, 248 (1900) ("all the defendants must join in the application [for removal]"); *Hanrick* v. *Hanrick*, 153 U. S. 192, 197-198 (1894 ); *Torrence* v. *Shedd*, 144 U. S. 527, 530 (1892). "In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition." Swanston v. TAP Pharm. Prods., 307 F.Supp.2d 190, 193 (D.Mass.2004) (citing Lapides v. Bd. of Regents, 535 U.S. 613, 620 (2002)).

Ordinarily, all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants. See Wright & Miller § 3731.

28 U.S.C. § 1446(b) "must be strictly construed." Karpowicz v. Blue Cross and Blue Shield of Massachusetts, Inc, 1996 WL 528372, * 2 (D.Mass. 1996) (citing *Gorman*, surpa at 1199). It is "a cardinal rule" that all defendants must join and sign in the notice of removal. Wright & Miller § 3723. See following authorities: Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir.1994); Ballard's Serv. Center Inc. v. Transue, 865 F.2d 447, 448 (1st Ct.(R.I.) 1989) ( "case was removed improvidently"); Handelman-Smith v. Peck, 762 F.Supp. 1520, 1521 (D.C.Mass. 1991) ("Commonwealth did not join in the notice of removal"); Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir., 1995) ("failure of all defendants to remove creates a defect in removal procedure"); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir., 1994) ("A petition for removal fails unless all defendants join it"); Wakefield v. Olcott, 983 F.Supp. 1018, 1021 (D.C. Kan. 1997) (all defendants must independently and unambiguously indicate desire to remove); Ogletree v. Barnes, 851 F.Supp. 184, 186 (D.C. Pa. 1994) ("all defendants must join in the notice of removal "); Ford v. New United Motors Mfg., Inc., 857 F.Supp. 707, 708, n. 3 (D.C.Cal. 1994) ("[N]ot all defendants must file a Notice of Removal. All that is required is that each defendant file a document in which the defendant formally concurs with the removal."); Griffin v. Ford Consumer Fin. Co., 812 F.Supp. 614, 617 (D.C.N.C. 1993) (all defendants who can meet jurisdictional requirements of the removal statute must join petition for removal in order for removal to be valid); Doe v. Kerwood, 969 F.2d 165,167 (5th Cir. 1992) (removing defendant must obtain consent of codefendants under general removal statute § 1441);

Bradwell v. Silk Greenhouse, Inc., 828 F.Supp. 940, 943 (D.C. Fla. 1993) ("It is well settled that defendants must be treated collectively: § 1446(a) requires all defendants in an action who may properly join in a removal petition made under § 1441(a) or § 1441(b) to join in or consent to the petition."); GMFS, L.L.C. v. Bounds, 275 F.Supp.2d 1350, 1353 (D.C.Ala. 2003) (remanding for failure of two defendants, who had been served by publication, to join in removal, as defendants served by publication fall within the rule of unanimity and their failure to join removal constituted a procedural defect mandating remand); Tate v. Mercedes-Benz USA, Inc., 151 F.Supp.2d 222, 223 (D.C.N.Y. 2001) (remanding for untimely removal where consent of earlier-served defendant was not obtained within 30 days of service upon that defendant).

Federal's removal is defective and arbitrary because none of the other defendants has expressed any consent to the removal to the court or plaintiffs within the 30-day period allowed by statute.[15] The thirty-day period commences upon receipt of the complaint by

[15] Often when a motion to remand raises this fundamental defect in removal defendants attempt to remediate the defect, if at all possible when it is past 30 days, by arguing the removal defendant had oral consent from others. Such ex *post facto* consents and events are scrutinized by courts closely because oral consent or written consent not addressed to the court evades Section 1446's requirements and court hold as invalid. It is the court that must know first a deadline or a procedure is timely and properly met by a defendant not through facsimile services via co-defendants' counsels. Most courts, however, have held that it is not enough for defendants who have not signed the removal petition to merely advise the removing defendant that they consent thereto, or for a removing defendant to represent such consent to the court on behalf of the other defendants. Rather, most courts require all defendants to voice their consent *directly to the court.* Martin Oil Co. v. Philadelphia Life Insurance Co., 827 F.Supp. 1236, 1239 (N.D.W.Va.1993). See also Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262, n. 11 (5th Cir.1988) ("[W]hile it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself"); Landman v. Borough of Bristol, 896 F.Supp. 406, 409 (E.D.Pa.1995) ("Unfortunately for both, one defendant's attempt to speak on behalf of another will not suffice") (citations omitted);Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 509 (E.D.Va.1992) (although defendants "never objected to removal, proper removal does not depend on the absence of such objection"); Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447-48 (N.D.Ill.1987) (requiring all defendants to "communicate their consent to the court--not to one another"); Mason v. International Business Machines Inc., 543 F.Supp. 444, 445 (M.D.N.C.1982) (same). While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous *written* evidence of consent *to the court in timely fashion. See, e.g.,* Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir.1994) ("To 'join' a motion means to support it in writing") (citations omitted); *Getty,* supra

the defendant or anyone authorized to accept process for the defendant. New World Technologies, Inc. v. Comy Technology, Inc., 876 F.Supp. 6, 7 (D.Mass.1995). Plaintiffs state that defendant Evenflo Company Inc. was served on Feb 7, 2006. Allstate and Ross were served on Feb 9, 2006. Federal's index of the removed state court documents omitted the documents on service to evade this significant procedural defect in its arbitrary removal. Plaintiffs served all defendants via long arm statute and filed the original U.S. mail returned receipts with the Providence Superior Court. Even assuming Long Arm Statute may not have been proper procedure for service on Ross or even Allstate, under the removal statute "technicalities of state law as to the completion of service of process are ignored," Wright & Miller § 3732. This is because the right of removal arises when the defendant has adequate information to decide whether or not removal is appropriate. As of March 10, Evenflo lost its right to removal and joinder in this removal. As of March 12, 2006, Allstate and Ross lost their rights to removal and joinder in this removal even if they had any such right at all. Each "defendant who is served has 30 days to petition for or consent to removal, failing which that defendant is deemed to have waived its right to do so." Hill v. Phillips, Barratt, Kaiser Engineering LTD. 586 F.Supp. 944, 945-46 (D.Me.1984). See also *Getty Oil Corporation v. Insurance Company of North America,* 841 F.2d 1254, 1262-63 (5th Cir.1988) ("all served defendants must join in the petition no

---

at 1262, n. 11 ("This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant ... that it actually consented to such action"). Moreover, although relatively few courts have permitted defendants to voice their consent orally, even these courts have required that the *oral consent be directed to the court, not merely among the defendants themselves. See, e.g.,* Clyde v. National Data Corp., 609 F.Supp. 216, 218 (N.D.Ga.1985); Colin K. v. Schmidt, 528 F.Supp. 355, 358 (D.R.I.1981). The majority view reflects sound judicial policy however. In this case, Counsel for Federal was not required to contact multiple defendants but only Allstate and Evenflo. Because "[t]o allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations, but in any incident of litigation." *Creekmore,* supra at 509.

later than thirty days from the day on which the first defendant was served"); *Gorman,* supra at 1201. ("the right to remove is of finite duration; if not activated promptly, it self-destructs" and cannot be revived.); Fletcher v. Hamlet, 116 U.S. 408, 410 (1886) (when one of several defendants in suit on joint cause of action in state court loses his right to remove by failing to make timely application, right of removal is lost for all); Masters v. Chapin Mfg. Co., 520 F.Supp. 1066, 1067 (D.C. Ky. 1981) (defendants who failed to join petition to remove may not do so after 30-day period has ended).

Moreover, Allstate and Ross by serving an Answer on or about Feb. 23, 2006 already waived their rights to removal. See, e.g., Hill v. Citicorp., 804 F.Supp. 514, 516-517 (S.D.N.Y., 1992) (Any substantive responsive pleading constitutes waiver of removal.). Cf. SBKC Service Corp. v. 1111 Prospect Partners, L.P., 916 F.Supp. 1118 (D.C.Kan. 1996), reversed on other grounds 105 F.3d 578 (10th Cir., 1997).

**Federal's Allegation of Improper Joinder, "Fraudulent Joinder," Is Conclusory And Not Supported by Any Particular Fact In The "Petition For Removal"**

Federal's notice of removal conclusory alleges its employees were "improperly" joined. The allegation however fails to plead any fact or present evidence showing objective or even subjective bad faith by plaintiffs. Federal's assertion of "improper" joinder is otherwise known as "fraudulent joinder," which is a term of art used to indicate that plaintiff has no intention of obtaining judgement against the diverse party and has simply named such defendant to frustrate diversity. "A joinder is considered fraudulent if it is a sham and a device used to join a party without any reasonable basis in fact and without any purpose to prosecute the cause in good faith." Carey v. Board of Governors of Kernwood Country Club, 337 F.Supp.2d 339, 341 (D.Mass.,2004) (citing *Wilson Steel*

*Co.,* supra at 98). Fraudulent joinder claim must be asserted with evidence of the fraud. Federal notice of removal should have pleaded such fraud with *particularity* and supported by *clear and convincing evidence*. Federal's removal notice asserts a single word that Shapiro's joinder was improper."

"[T]his right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions." *Wilson*, supra at 97. Federal has the heavy burden to show joinder of Shapiro was "made in bad faith." *Chesapeake*, supra at 152. "The removing party bears the burden of demonstrating fraudulent joinder." Plaintiffs' motive in joining the defendant is immaterial, provided that the plaintiffs assert a good faith, cognizable claim against the non-diverse defendant. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 188 (1931). Moreover, when considering issue of fraudulent joinder, district court should resolve all questions of fact and controlling law in favor of non-removal, Thomas v. Jim Walter Homes, Inc., 918 F.Supp. 1498, 1501 (D.C. Ala. 1996). Same Johnson v. James Constr. Group, LLC, 306 F.Supp.2d 654, 657 (D.C. Miss. 2004) (in context of remand and allegations of fraudulent joinder court must resolve all disputed questions and ambiguities of law and fact in favor of movants for remand when there exists an actual controversy.

Federal has a heavy burden to present clear and convincing evidence that, for example, under G.L.c. 175, § 181, G.L.c. 176d, §§ 1 & 3, and G.L.c. 93A, §§2 & 9 neither

Shapiro or Zink made any misrepresentation of the applicable insurance polices to plaintiffs or participated in any deceptive unfair insurance and business practices.[16] "Joinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged...Whether or not the complaint adequately alleges such participation and knowledge, however, are properly resolved on a motion to dismiss, not on a motion for remand. A defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case. In order to show that a defendant was fraudulently joined to defeat removal, it is not sufficient to argue that the complaint fails to state a claim against that defendant; rather, the removing party must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the ··· defendant in state court. In general there need be only a possibility that a right to relief exists under the governing law to avoid a finding of fraudulent joinder." Stan Winston Creatures, Inc. v. Toys ""R" Us, Inc. 314 F.Supp.2d 177, 182-183 (S.D.N.Y., 2003) (internal citations to Miller & Wright, case laws, and quotations marks omitted). Same, Bouie v. American General Life and Acc. Ins. Co., 199 F.Supp.2d 1259, 1263 N.D.Fla.,2002. holding: "The fraudulent joinder doctrine addresses situations in which a plaintiff has a claim against one defendant but joins another defendant against whom the plaintiff has no basis for recovery. That is not this case. Here, it makes no more sense to say that the individuals were

---

[16] Federal's assertion of improper joinder is baseless. Federal did not go to the District of Massachusetts arguing Shapiro had been improperly joined in the Bristol Superior Court. It went to the Rhode Island District Court to preempt the Massachusetts state action and Massachusetts state claims especially G.L.c. 93A.

fraudulently joined than to say the insurer was fraudulently joined; at least on this record, it appears that plaintiff has a claim against all the defendants or none. In order to accept defendants' assertion of jurisdiction, therefore, the court would essentially have to adjudicate the merits of the entire case and rule in defendants' favor. That would turn the jurisdictional inquiry on its head, with the result that this court, not a state court, would determine that a state law claim between non-diverse parties was unfounded. The Eleventh Circuit has made clear, however, that the fraudulent joinder doctrine does not authorize 'a safari in search of a judgment on the merits'; 'the jurisdictional inquiry 'must not subsume substantive determination."' (citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997), *quoting* B, Inc. v. Miller Brewing Co., 663 F.2d 545, 548-50 (5th Cir. Unit A 1981)).

Following cases will support plaintiffs' assertion that this court is not bound to review a motion to dismiss in order to reach the merit of its jurisdiction. See Anderson v. Philadelphia Suburban Development Corp., 322 F.Supp.2d 582, 584-585 (E.D.Pa.,2004) ("The standard for examining the complaint to determine whether the joinder of the non-diverse defendant was colorable is whether the joinder was wholly insubstantial and frivolous....This jurisdictional inquiry into a plaintiff's allegations is less searching than the analysis applied under Fed.R.Civ.P. 12(b)(6) for failure to state a claim...The Third Circuit has further instructed that, where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." (internal citations and quotation marks omitted); Lerma v. Univision

Communications, Inc., 52 F.Supp.2d 1011, 1014 (E.D.Wis.1999) ("[j]oinder is fraudulent when there are false allegations of jurisdictional fact, or more commonly and as is alleged here, when the claim against the nondiverse defendant has no possible chance of success in state court···· The removing party must show that, after resolving all issues of fact and law in favor of the plaintiffs, the nondiverse plaintiffs cannot establish a cause of action against the defendant"); Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. Ala. 2001) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.") (citations omitted); Miller v. BAS Tech. Employment Placement Co., Inc., 153 F.Supp.2d 835, 837 (D.C.W.Va. 2001) (observing that the heavy burden of proving fraudulent joinder is even greater than the burden to prevail on a Civil Rule12(b)(6) motion); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court"). Federal has a heavy burden to prove that plaintiffs have engaged in fraudulent joinder not that their claims against Shapiro allegedly failed to state a claim.

Federal's right of removal, if any, is further limited by the basic principle that it may remove only on the basis of claims brought *against* it and not on the basis of *defenses/*Ruel 12(b)(6*)* asserted *by* it. See Wright & Miller § 3731. Federal's Motion to Dismiss argues Shapiro was a known agent of Federal and cannot be held liable personally. While Shapiro may assert such a defense against plaintiffs' claims, Federal may not use

such defense to liability to create present diversity. Diversity must be determined before Federal's motion to dismiss not afterwards. Otherwise, every out of state defendant may move to dismiss any non-diverse state defendant to create diversity. That is not what is meant by "fraudulent joinder." While this court may screen out a removed complaint for "fraudulent joinder," it may not become too inquisitive to determine the merits of a claim against a nondiverse defendant, which is an obstacle to diversity. See Wright & Miller § 3721, holding the defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case. Thus, a nondiverse codefendant, i.e., Shapiro, may not remove a case to a federal court on the self-promulgated theory that allegedly because she will not be liable to the plaintiff she should be disregarded for diversity purposes. In such a situation, the question of the Shapiro's liability should be adjudicated in the state forum and not, de facto, in the context of procedures such as removal. Ibid. See also Hale v. MasterSoft Int'l Pty. Ltd., 93 F.Supp.2d 1108, 1113 (D.C.Colo. 2000) ("While an allegation of fraudulent joinder permits the Court to pierce the pleadings, it is not proper for the Court to pre-try issues of liability on a motion for remand"); In re Norplant Contraceptive Prods. Liability Litigation, 899 F.Supp. 312, 315 (D.C.Tex. 1995) (Texas residents who brought a products liability action did not "fraudulently join" two physicians in order to defeat diversity jurisdiction. The plaintiffs alleged that the physicians were the apparent agents, ostensible agents, or actual agents of one defendant in facilitating the sale of the implants to two plaintiffs. Further, they alleged that the physicians breached their duty to warn the plaintiffs that the devices were defective and unreasonably dangerous.); Grynberg Production Corp. v. British Gas, p.l.c., 817 F.Supp. 1338, 1348-1349 (D.C.Tex.

1993) (plaintiff's failure to plead allegation of fraud with particularity did not per se amount to fraudulent joinder); Alderman v. Pitney Bowes Mgmt. Servs., 191 F.Supp.2d 1113, 115-1116 (D.C.Cal. 2002) (remanding plaintiff's state law sexual harassment claims brought against a diverse corporation and non-diverse employees because plaintiff's complaint, although technically deficient in stating claims against the non-diverse defendants, had to be construed in favor of remand; finding that complaint alleged adequate facts for court to infer valid causes of action against each of the non-diverse defendants, and that plaintiff's counsel intended to amend the complaint to make those causes of action explicit).

Plaintiffs plead they intend to zealously litigate their state law causes of action against especially against Federal's two employees and to secure a judgment against them. Plaintiffs assert G.L.c. 176D, § 1 & 3 in conjunction with G.L.c. 93A shall hold Shapiro and Zink personally liable for participating in Federal's deceptive insurance practices irrespective of the fact that they were employees/agents of Federal. If plaintiffs can show a connection between their damages and these defendants' personal acts and omissions in violation of certain laws, particularly in violation of G.L.c. 176D, then they can and will be held personally liable. For the past seven years, Zink and Shapiro have concealed and misrepresented the terms of the applicable insurance policy(s) to this accident. Misrepresentation of an insurance policy under G.L.c. 175, ¶ 181 is a violation of G.L.c. 176D, § 3. There is a connection between these defendants' personal and deceptive acts and omissions and aggravation of Farahani's post accident injuries. Federal did not remove the Massachusetts action to avoid any potential application of the Massachusetts laws,

especially G.L.c. 176D & 93A. It chose to remove the Rhode Island action for its improper removal because it (probably) thought it could select and enforce the Rhode Island law, as the choice of applicable law when it comes to punitive damages.[17] Punitive damages and escape from the Massachusetts laws is probably the gist of this improper removal.

## Conclusion

For the reasons stated in above Federal's notice of removal is procedurally defective and is improperly motivated. Put succinctly, nothing in the face of the Rhode Island state complained gave Federal the right or impression of a right to remove the state complaint to this court. This removal was arbitrary even toward the co-defendants' right to adjudicate their liabilities and defenses in their choice of forum. As stated in above Allstate and plaintiffs chose the state forum to litigate their controversies. However, Federal decided for all parties that this court has jurisdiction over this removed case based on an evasive, misleading, and procedurally defective "petition for removal," pleading basically information and belief, omitting facts and documents, and hoping for an inadvertent waiver specially the pro se plaintiffs.

## Prayers

[17] Determining the choice of law, per cause of action and defendant, if amicably not agreed by parties, shall be complicated for any trial court. Aromin's employer has significant business presence in Massachusetts and can be considered a Massachusetts citizen if and when sued under this action. Moreover, Aromin's company car was owned and managed by a Trust out of Hunt Valley, Maryland. Aon Risk Services of Philadelphia, Pennsylvania, a national insurance broker, (with significant physical and business presence in Boston, Mass), brokered the company car's insurance policy which policy apparently was written by Federal or Chubb & Son. Plaintiffs will argue, if necessary, that both the Trust and Aon owed them a duty of reasonable care in providing the company car with adequate insurance coverage. Moreover Aromin's employer, Merck & Company, has a variety of insurance polices with Federal and Chubb & Son which are potentially applicable to plaintiffs' causes of actions. For the past seven years defendants Zink and Shapiro, and or Federal, have refused to provide plaintiffs with any information, concerning any and all the applicable policies to this company car and accident especially in violation of certain Massachusetts statutes. Depending which other defendants plaintiffs may join in this case, what polices are available to plaintiffs, the choice of law is not just premised on the place of accident, i.e., Cranston, Rhode Island.

Plaintiffs move this court to amicably remand this case to the Providence Superior Court without a hearing.

As this removal was not filed in good faith, particularly organized by omitting important facts in order to mislead this court and manufacture diversity, as this removal caused incredible number of unnecessary lost hours of legal efforts, plaintiffs plead for their just costs, expenses, time and efforts, and "attorney fees" pursuant to U.S.C. §1447(c), Fed.R.Civ.P.11, and this court's inherent authority.[18]

Respectfully submitted this March 14, 2006

Ghodrat Farahani, Plaintiff, pro se
Ireene Aromin, Plaintiff pro se
126 Brook Street
Rehoboth, Mass 02769
Tel: 508 252-4914
Fax: 508 252-4924

## CERTIFICATE OF SERVICE

Plaintiff, Ghodrat Farahani, certifies that on March 14, 2006, a true copy of the forgoing document was served on Darlene K. Alt, Esq., Edwards Angell Plamer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903, and Paul A. Anderson, Esq., 49 Weybosset Street, Providence, RI 02903, current counsels of record under this removed case, by first-class U.S. mail, postage prepaid.

Ghodrat Farahani

[18] Plaintiff Ghodrat Farahani shall promptly file a separate motion for costs and sanctions.