ORIGINAL

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **FARAHANI, et al.** | ) | |
| | ) | |
| **Plainiffs** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 06-89ML** |
| | ) | |
| **CHUBB GROUP OF INSURANCE COMPANIES, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**PLAINTIFFS GHODRAT FARAHANI & IREENE AROMIN'S MOTION TO STAY CERTAIN DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVELY MOTION TO EXTEND TIME PURSUANT TO FED.R.CIV.P.5 (A) & 6(B)(1)**

The removed Plaintiffs, Ghodrat Farahani ("Farahani"), and Ireene Aromin (Aromin), pro se, move this court to STAY defendants Federal Insurance Company, Julie Zink, and Leslie Shapiro ("Federal")'s Motion To Dismiss. Alternatively, plaintiffs move this court, pursuant to Fed.R.Civ.P.5(a) & 6(b)(1), to extend time to respond to the said motion. Grounds for this motion are as follows.

1. On Feb 27, 2006, Federal removed plaintiffs' Rhode Island state court case to this court. Federal concurrently filed a motion to dismiss the removed case.

2. On March 8, 2006, plaintiffs responded to Federal's Petition for Removal. Plaintiffs denied this court has any jurisdiction over this case. Plaintiffs denied the allegation of the Petition for Removal. Federal has had a burden to prove removal was and is proper.

3. On Feb 8, 2006, plaintiffs filed an ex parte motion to extend time to respond to Federal's motion to dismiss. This court stated that it will not rule on an ex parte motion and therefore denied the motion without prejudice.

4. On March 14, 2006, plaintiffs filed motion to remand this case. In particular, that motion to remand argued and presented several authorities that this court must not determine the merits of plaintiffs' claims, presumably under Federal's concurrent motion to dismiss, to reach and determine this court's jurisdiction. The motion to remand clearly shows this court has no jurisdiction even if it does consider the motion to dismiss. Plaintiffs' previously filed pleadings and exhibits under this docket, which are incorporated herein, clearly show this court has no jurisdiction over this case and the removal was defective, improper, and in fact arbitrary. See the motion to remand.

5. Furthermore, because plaintiffs have amicably and in good faith, challenged Federal's Petition and this court's jurisdiction under this removal, to respond to Federal's motion to dismiss is a premature for plaintiffs. This court must first determine its challenged jurisdiction before entertaining any motion as to the merits of any issue or claim from any party. In other words, under plaintiffs' motion to remand, plaintiffs are entitled to stay Federal's Rule 12(b)(6) motion to dismiss because an alleged improper, defective, and arbitrary removal does not grant this court any jurisdiction to hear the said motion.

6. Alternative, in order to properly prepare and respond to Federal's motion to dismiss plaintiffs must know if this court has jurisdiction. If this court does acquire jurisdiction, then the choice of law per cause of action will be next on the agenda for all concerned. It is also not clear how this court's jurisdiction will affect plaintiffs' parallel

Massachusetts action and the issue of federal venue. Depending on this court's jurisdiction, the issue of venue, and the choice of law, before responding to Federal's motion to dismiss plaintiffs shall attempt to amend their Complaint to name all the liable defendants and plead facts that are more relevant to the claims, which would be unnecessary if this court remand the case. To oppose Federal's current motion to dismiss in this court or in the state court, considering this court's jurisdiction and especially the choice of law per cause of action, shall radically affect the scope of plaintiffs' legal research, arguments, and opposition. These pro se plaintiffs have very limited financial and litigation resources to spend on Federal's uncertain removal pleadings. Federal's removal was uncalled for and created an unnecessary expense and burden on these plaintiffs who have been experiencing financial difficulties for the past seven years. Federal shall not suffer any expense or prejudice from this court's later adjudication of Federal's motion to dismiss.

**Prayers**

1. STAY Federal's motion to dismiss;
2. Alternatively, Pursuant to Fed.R.Civ.P.5(a) & 6(b)(1) GRANT plaintiffs 20 days time to respond to Federal's Motion to Dismiss *after* this court determines its jurisdiction.

Respectfully submitted this March 14, 2006.

Ghodrat Farahani, Plaintiff, pro se
Ireene Aromin, Plaintiff, pro se
126 Brook Street
Rehoboth, Mass 02769
Tel: 508 252-4914

**CERTIFICATE OF SERVICE**

Plaintiff, Ghodrat Farahani, certifies that on March 14, 2006, a true copy of the forgoing document was served on Darlene K. Alt, Esq., Edwards Angell Plamer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903, Paul A. Anderson, Esq., 49 Weybosset Street, Providence, RI 02903, counsels of record under this removed case, by first-class U.S. mail, postage prepaid.

Ghodrat Farahani