UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GHODRAT FARAHANI and IREENE AROMIN,<br><br>Plaintiffs,<br><br>v.<br><br>CHUBB GROUP OF INSURANCE COMPANIES; JULIE ZINK; LESLIE A. SHAPIRO; ALLSTATE INSURANCE COMPANY; WILLIAM J. ROSS; and EVENFLO COMPANY, INC.,<br><br>Defendants. | C.A. No. 06-89-ML |

**DEFENDANTS FEDERAL INSURANCE COMPANY, JULIE ZINK AND LESLIE SHAPIRO'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendants Federal Insurance Company ("Federal"), Julie Zink and Leslie Shapiro (collectively, "Defendants") hereby submit this Opposition in response to Plaintiffs Ghodrat Farahani's and Ireene Aromin's (collectively, "Plaintiffs") Motion to Remand.

On February 27, 2006, Defendants timely removed the litigation from Providence County Superior Court. On or about March 14, 2006, Plaintiffs moved to remand this case to state court on the grounds that the removal was "procedurally defective" and "improperly motivated." For the following reasons, Defendants submit that this Court properly has diversity jurisdiction over this litigation pursuant to 28 U.S.C. § 1332, and that removal of the action to this Court was proper given the information available to Defendants and the general public at the time of removal. Defendants respectfully submit that Plaintiffs' Motion to Remand should therefore be denied.

## I. Procedural Background[1]

On November 18, 2005, Plaintiffs brought suit against the Defendants, Allstate Insurance Company ("Allstate"), William J. Ross ("Ross") (an employee of Allstate), and Evenflo Company, Inc. ("Evenflo"), alleging a myriad of claims arising out of a November 20, 1998 automobile accident in Cranston, Rhode Island. As to these Defendants (Federal, Zink, and Shapiro), Plaintiffs' claims apparently stem from Federal's insistence that the Plaintiffs execute medical authorization release forms, prior to the payment of Plaintiffs' medical bills, for the purpose of permitting Federal to obtain copies of Plaintiffs' medical records relating to their alleged injuries arising from the accident. (Compl. at ¶¶ 11 – 13). Plaintiffs refused to sign the medical authorization forms on the ground that the forms violated their rights to privacy and Federal therefore allegedly refused to make any payments. (Id. at ¶ 11). Several years later, Plaintiffs brought this lawsuit.[2]

In early February, the Defendants received a copy of the Complaint, along with a cover letter, from the Plaintiffs. On February 27, 2006, Defendants removed the case to this Court on the ground that the Court has diversity jurisdiction over the matter under 28 U.S.C. § 1332. (See Defendants' Petition for Removal at ¶ 2). Defendants asserted in their Petition for Removal that Shapiro, a Massachusetts citizen, was improperly joined and that if she had not been joined there would be complete diversity between the parties. (Id.).

According to the state court docket, on February 15, 2006, a document described by the Clerk of the Court as "OTHER DOCUMENT" was filed in Providence County Superior Court,

[1] With respect to the underlying facts relating to Plaintiffs' claims, Defendants refer the Court to their Memorandum of Law filed in support of their Motion to Dismiss Plaintiffs' Complaint.

[2] At the same time Plaintiffs brought this suit, they also filed an identical action in Massachusetts in Bristol County Superior Court against the same defendants. See Defendants' Memorandum of Law in Support of their Motion to Dismiss at 3 n.3; see also Plaintiffs' Notice of Related Proceedings pursuant to Local Rule 9.1.

which was a cover letter from the Plaintiffs addressed to the Clerk's Office, along with copies of letters to, and return receipt cards received from, all defendants. (See Letter to the Clerk, letters to defendants and Return Receipts attached hereto as Exhibit A). According to the information filed with the state court, this letter and the accompanying letters and return receipts were not accompanied by a summons issued from the Providence County Superior Court as required by Rule 4 of the Rhode Island Superior Court Rules of Civil Procedure. (Id.). Moreover, at the time the case was removed to this Court, the state court docket sheet (which was obtained at 3:40 p.m. on the date of removal) did not indicate that any of the other defendants had filed an answer or entered an appearance in the case. (See Defendants' Local Rule 81(b) Statement at Tab B).

## II. Argument

In their Motion to Remand, Plaintiffs cast a multitude stones at the Defendants' removal of the case, with some landing near their target and others not even qualifying as near misses. In the end, however, the Plaintiffs' Motion to Remand should be denied because (1) Defendants' removal of the case under 28 U.S.C. § 1441 et seq. was proper based on the language of the statute and applicable case law, and (2) the Plaintiffs' arguments in support of remand ultimately fail on account of their factual inaccuracies or their misunderstanding of federal law.

### A. Defendants' Removal of the Case was Proper Under 28 U.S.C. § 1441.

Defendants removed the case to this Court on the basis of diversity of citizenship jurisdiction. See 28 U.S.C. § 1332. A federal court has diversity of citizenship jurisdiction "only when complete diversity exists between the parties, that is, when no plaintiff is a citizen of the same state as any defendant." Lawrence Builders, Inc. v. Kolonder, C.A. No. 06-013ML, 2006 WL 335896, at *2 (D.R.I. Feb. 13, 2006) (citing Diaz- Rodriguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005)). Additionally, under 28 U.S.C. § 1441(b), a diversity of citizenship

case may only be removed to federal court so long as no defendant that has been "*properly joined and served*" is a citizen of the state in which the action has been brought. See 28 U.S.C. § 1441(b) (emphasis added).

Here, the Plaintiffs are citizens of Massachusetts. (Compl. at ¶ 2). In their Complaint, Plaintiffs allege that Shapiro (an employee of Chubb & Son, a division of Federal) is a Massachusetts citizen. The Defendants acknowledge that ordinarily Shapiro's presence in the litigation would prevent this Court from having jurisdiction, but Defendants submit that this Court should disregard Shapiro's citizenship for the purpose of determining whether it has jurisdiction over this matter because her joinder in this action is legally improper and baseless.

As this Court recently noted in Lawrence Builders, "a party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship." 2006 WL 335896 at *3. The Court further noted that:

> the linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party *has a reasonable basis in law and fact*. Because fraudulent joinder describes any improper joinder, a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden.

Id. (citing Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 66 (D.R.I. 2002)) (internal citations omitted) (emphasis added).

In this case, Defendants submit that the Plaintiffs have no reasonable basis in law or in fact for joining Shapiro as a defendant in this litigation.[3] As an initial matter, Plaintiffs only refer to Shapiro on three occasions in their Complaint: (1) Paragraph 3 (stating that Shapiro was a "claims employee[] of [Federal]"); (2) Paragraph 13 ("Defendants Zink and Shapiro were adamant that no medical payment coverage will be provided by [Federal] absent Plaintiffs'

[3] Similarly, the joinder of Zink in this action is also improper, however, as a citizen of Connecticut, her presence in the case has no impact on the issue of removal. See Defendants' Mem. of Law in Support of Their Motion to Dismiss at 9-10.

signed medical authorization forms."); and (3) in the caption of Count Three, which pleads causes of action for negligence and conspiracy to violate Mass. G. L. 176D and R.I. Gen. Laws § 27-9.1-1. These references fail to establish that Shapiro, who was acting as a disclosed agent of Chubb & Son, a division of Federal, engaged in conduct sufficient to establish individual liability on her part. Indeed, Plaintiffs' own actions in attempting service support a finding of improper joinder. Plaintiffs did not attempt to serve Shapiro in person or at her home address but rather sent a copy of the Complaint, along with a cover letter, to her attention at Federal's offices in Massachusetts. (See Exhibit A.)

Additionally, as described in more detail in Defendants' Memorandum of Law in Support of Their Motion to Dismiss, several of the claims that have been alleged against Shapiro are causes of action for which there is no private right of action or the alleged cause of action is otherwise inapplicable to the business of insurance. See Defendants' Memorandum in Support of Motion to Dismiss at 8, 12. In sum, Defendants submit that this Court should be hard-pressed to find that Shapiro's presence in this action as an individual defendant is proper, given that the only fact alleged against her is that she failed to authorize the payment of medical bills without the proper documentation in *her capacity as a claims examiner for Federal*. Therefore, because Shapiro's joinder in this action was not proper, this Court can disregard her citizenship for purposes of determining its subject matter jurisdiction over this matter.

**B. Plaintiffs' Myriad of Reasons for Remanding The Case to State Court Miss The Mark.**

The Plaintiffs set forth numerous grounds in support of their Motion to Remand, all of which fail to rebut this Court's possession of subject matter jurisdiction over this matter. To the extent that the grounds for removal can be separately delineated, Defendants respond to each of the Plaintiffs' contentions.

**1. The Fact that Both Plaintiffs and Allstate "have chosen the Providence County Superior Court" as their Choice of Forum is Irrelevant to the Question of Remand.**

The fact that Plaintiffs have decided to pursue their case in state court is immaterial to the question of removal, and displays the Plaintiffs' misunderstanding of the law of removal. Indeed, it is the Defendants who have the right to remove a case to federal court – not the Plaintiffs. See, e.g., Jones v. City of Buffalo, 867 F. Supp. 1155, 1165 (W.D.N.Y. 1994) ("[T]he removal of a case from state to federal court is a right available only to a defendant or defendants"); Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that . . . removal statutes confine the right of removal from a state court to a federal district court to a defendant or defendants.") (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-105, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)). If a plaintiff were to prevent removal by suing in state court, how would a diversity case ever be removed? Moreover, the fact that Allstate has answered the complaint in state court does not alone bar removal.

**2. Defendant Ross is *Not* a Rhode Island Citizen And Therefore 28 U.S.C. § 1441(b) Does Not Prevent Removal to This Court.**

Plaintiffs also assert that this case must be remanded to state court because Ross, a claims employee of Allstate, is a citizen of Rhode Island and therefore prevents removal of the case.[4] See 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Plaintiffs' contention in this regard is flat-out wrong.

Although the Complaint alleges that Ross was an employee of Allstate in Rhode Island at the time of the car accident and subsequent insurance issues, Ross is not currently a Rhode Island

[4] Plaintiffs also assert that Allstate is a citizen of Rhode Island for purposes of establishing diversity jurisdiction. See Plaintiffs' Motion at 12. However, as Plaintiffs readily acknowledge and incorporate into their Notice of Related Proceedings filed with this Court, "Allstate Insurance Company [] is a national insurer incorporated in Delaware, with a usual place of business in Northbrook, Illinois." See Plaintiffs' Notice, Tab A.

resident *nor was he at the time this case was filed or removed.* (Affidavit of William J. Ross ("Ross Aff."), attached hereto as Exhibit B, at ¶ 4). He is a citizen of Connecticut and has been since 2002. (Id.). It is black-letter law that the citizenship of a defendant for purposes of diversity of citizenship is determined at the time the suit is initiated. See Garcia Perez v. Santaella, 364 F.3d 348, 351 (1st Cir. 2004) ("The key point of inquiry is whether diversity of citizenship existed at the time the suit was filed . . . ."); Valendon Martinez v. Hospital Presbiteriano, 806 F.2d 1128, 1132 (1st Cir. 1986).[5]

Moreover, although Defendants' Petition for Removal did not refer to the citizenship of Ross, that fact does not alter the grounds for jurisdiction in this case. Defendants treated Ross as being synonymous with Allstate, as Plaintiffs do in their Complaint, and therefore did not separately enumerate his citizenship. (Compl. at ¶ 9) ("On June 25, 1999, Defendant Allstate/Ross denied Plaintiffs' uninsured bodily injury . . . ."). Indeed, no where in their Complaint do Plaintiffs mention or even refer to the state of Ross's residency or citizenship. Because the allegations against Ross in the Complaint are, at best, sparse and related solely to his status as an employee of Allstate, it was reasonable for Defendants to treat Allstate and Ross synonymously in their Petition.

### 3. **Defendants Have Sufficiently Plead That the Underlying Claims Constitute an Amount in Controversy in Excess of $75,000.**

Plaintiffs further allege that Defendants have failed to establish that the amount in controversy is in excess of $75,000, as required by 28 U.S.C. § 1332.

---

[5] Additionally, even if Ross was a citizen of Rhode Island at the time the suit was filed, 28 U.S.C. § 1441(b) still would not bar removal. Because Ross was not properly served with a copy of the summons and complaint at the time of removal, his citizenship would not be considered in terms of removal analysis. 28 U.S.C. § 1441(b) ("only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought") (emphasis added); see Test Drilling Serv. Co. v. Hanor Co., 322 F. Supp. 2d 953, 957 (D.C. Ill. 2003). See also Ross Aff. at ¶ 5.

"The party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004). Accordingly, to remand this case to state court on the grounds that the amount in controversy requirement is not met, this Court would have to find that it is legally certain that each Plaintiff could not receive a damages award in excess of $75,000. Id.

In this case, Plaintiffs assert nine counts against six different defendants by alleging claims for, *inter alia*, breach of contract, breach of the covenant of good faith and fair dealing, bad faith, conspiracy, fraud, and unfair and deceptive trade practices. In addition, in Count Six, Plaintiffs have asserted a claim under M.G.L. ch. 93a, which provides for an award of treble damages to prevailing parties. Defendants respectfully submit that these claims, along with the fact that Plaintiffs are seeking damages "for past and future medical bills, property damages, severe and permanent personal injuries, pain and suffering, and mental anguish, emotional distress, economic costs, loss of past and future wages, loss of business profits and investments, compensatory damages, statutory damages, and tort based punitive damages," provide sufficient indication that it cannot be said "to a legal certainty" that Plaintiffs are seeking less than $75,000 in damages in this case.

**4. The Other Defendants Did Not Need to Join In The Removal.**

Plaintiffs allege that the Defendants' removal is defective because the other defendants did not consent to, or join in, the removal. This contention also misses the mark.

While Plaintiffs are correct that the "rule unanimity" requires that all defendants must "join" in the removal, there are well delineated exceptions to this rule. See Gorman v. Abbott Labs., 629 F. Supp. 1196, 1200 (D.R.I. 1986). The exception relevant to this case is for

defendants who have not been served at the time of removal. See id. ("[D]efendants who have not yet been served with process at the time of the petition for removal are not required to conjoin . . . ."); see also Pullman v. Jenkins, 305 U.S. 534, 540-41 (1939).

Plaintiffs represent that they served the other defendants by certified mail, return receipt requested, as of February 9, 2006. However, the Plaintiffs failed to serve the defendants with a complaint and a summons as required by Rule 4 of the Rhode Island Superior Court Rules of Civil Procedure. Consequently, the defendants were not required to join in the removal of the case to this Court because they had not been properly served.

Rule 4 provides that service shall be effected, whether by personal service or by certified mail, "by delivery of a copy of the summons *and* complaint . . . ." R.I. Sup. Ct. R. Civ. P. Rule 4 (emphasis added). Rule 4 explicitly requires that a summons must accompany a copy of the complaint that is delivered to the defendants in order to constitute service under the Rules. Several federal courts, interpreting Federal Rule 4, have held that the failure to provide a valid summons with the complaint results in improper service. See U.S. v. National Muffler Mfg., 125 F.R.D. 453, 456 (N.D. Ohio 1989) ("The very existence of Rule 4(b) counsels that a defendant should not be made to answer a summons and complaint without first being given proper notice of the nature of the suit and being assured that the summons properly issues from a court."); Kramer v. Scientific Control Corp., 365 F. Supp. 780, 788 (E.D. Pa. 1973); see generally Austin v. Spaulding, C.A. No. 00-104T, 2001 WL 345605, at *1 (D.R.I. Mar. 19, 2001) ("Although the Plaintiff is pro se, he is still obligated to follow the Federal Rules of Civil Procedure, including Rule 4's requirement for service"); Kelvey v. Coughlin, 625 A.2d 775, 776 (R.I. 1993) ( "[I]n situations in which our own case law is sparse in the area of civil procedure, we shall consult the

precedents in the federal courts since our Superior Court Rules are patterned after the federal rules.") (citations omitted).

According to the state court docket available at the time of removal, a document entitled "OTHER DOCUMENT" indicated the following: "Original U.S. Post Office Return Receipt For Each Deft (6 Filed) And a Copy of the Cover Letter Accompanying Service." (Defendants' Local Rule 81(b) Statement at Tab B). These documents do not reference the service of a summons on the defendants, nor was a summons delivered to the defendants with the Complaint as required by Rule 4 of the Rhode Island Superior Court Rules of Civil Procedure. (See Exhibit A).[6] Therefore, the other defendants were not required to consent[7] to the removal of this action because they were not served at the time the Petition for Removal was filed in this Court.

**5. The Other Defendants Did Not Waive Their Right to Removal by Answering the Complaint.**

Plaintiffs allege that the Defendants Allstate and Ross waived their right to removal by answering the Complaint on or about February 23, 2006. Such argument shows a fundamental misunderstanding of Federal jurisprudence with regard to waiver of removal rights. Indeed, as the majority of cases have held: "It has been recognized on numerous occasions that actions which are preliminary and not conclusive in character and which do not actually submit the merits of a claim for binding decision do not constitute a waiver of defendant's right to remove."

[6] In addition to the Plaintiffs' failure to serve the defendants with a summons under Rule 4, Plaintiffs' service is also defective with respect to Ross because they did not serve him directly. Despite naming Ross in his individual capacity, Plaintiffs served Ross by delivering a copy of the Complaint to Allstate at its home office in Northbrook, Illinois. (Notice of Service on Ross at Exhibit A; Ross Aff. at ¶ 5). This is incorrect under Rule 4(f)(1) of the Rhode Island Superior Court Rules of Civil Procedure. See R.I. Super. Ct. R. 4(f)(1) ("When an individual or a foreign corporation is subject to the jurisdiction of the courts of the state, service of process may be made outside the state as follows: (1) Upon an individual by delivery of a copy of the summons and complaint to the individual personally . . . , or by mailing a copy of the summons and complaint to the individual by registered or certified mail . . . .").

[7] Despite Plaintiffs' assertion to the contrary, the other defendants were not required to *sign* the Petition for Removal. See Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d 182, 184 (D.R.I. 2002) ("The 'rule of unanimity' does not require that all defendants actually sign the petition.").

Beasley v. Union Pacific Railroad, 497 F. Supp. 213, 216 (D. Neb. 1980) (internal citations omitted). Here, Defendants Allstate and Ross merely filed Answers to the Complaint. As is abundantly clear, answers are not dispositive motions nor do they seek a claim for a binding decision on the merits. See United States v. Parcel of Land with Building, Appurtenances etc., 928 F.2d 1, 3 (1st Cir. 1991) (overruled on other grounds) (indicating that answer is not dispositive motion). Therefore, Defendants Allstate and Ross, by filing their answer to the Complaint, did not waive their right to remove.

**C. Defendants' Removal of the Case From State Court Was Not Improperly Motivated or Done in Bad Faith.**

Plaintiffs' assertion that Defendants removed the case to this Court in bad faith and for an improper motive is baseless and rooted in a misunderstanding of federal procedure. As explained above, Defendants did not consciously omit the "OTHER DOCUMENT" or Allstate's Answer from the state court record filed under Local Rule 81(b). At the time Defendants compiled the record for filing with this Court (at 3:40 p.m. on the day of removal), Allstate's answer was neither entered on the Court's electronic docket nor contained in the court file. Moreover, despite the fact that Defendants' counsel had entered an appearance in the matter, they were never served with a copy of the answer. See Certificate of Service attached to Allstate's Answer. Additionally, Defendants' omission of the documents relating to the "OTHER DOCUMENT" entry was entirely inadvertent. Indeed, the Clerk of the Providence County Superior Court did not notice the omission *despite having certified that the entire record was produced to the Defendants*. Such an omission is not a jurisdictional defect and does not change the fact that this action is properly before and subject to the jurisdiction of this Court. See Dri Mark Products, Inc. v. Meyercord Co., 194 F. Supp. 536, 538 (S.D.N.Y. 1961) ("Omissions which are merely formal or modal do not affect the right to remove and such

technical defects may be subsequently remedied"; failure to attach motion exhibits to petition for removal did not warrant remand); see also Riehl v. National Mutual Ins. Co., 374 F.2d 739 742 (7th Cir. 1967) (omission of complaint from removal papers was "but a minor irregularity of no consequence. The basic purpose of the § 1446(a) directive was neither frustrated or unfulfilled. To permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance"); Covington v. Indemnity Ins. Co., 251 F.2d 930, 932 (5th Cir. 1958) (rejecting claim that removal defective due to removing party's failure to file copies of certain pleadings and state court orders with removal petition).

Moreover, while the Defendants can appreciate the Plaintiffs' concern over the time and money expended in this litigation, Defendants equally share those burdens. Plaintiffs surely must have known that when they brought two suits against a large corporation, and its employees in their individual capacities, in two different courts on the ground of bad faith, that the allegations would be vigorously defended. Indeed, Plaintiffs are professional, *pro se* litigants who have been litigating cases against other insurance companies in the courts of the Commonwealth of Massachusetts since 2003. (See Docket Sheet in Farahani v. Hingham Mutual Fire Ins. Co., et al., BRCV03-631 (Mass. Super.) at Exhibit C; Docket Sheet in Farahani v. Parsons Mutual Insurance Co., et al., BRCV04-1370 (Mass Super.) at Exhibit D). Accordingly, Defendants submit that Plaintiffs are not entitled to attorneys' fees, costs, or Rule 11 sanctions on the basis of Defendants' removal of the case to federal court.

## III. Conclusion

For the foregoing reasons, Defendants Federal Insurance Company, Julie Zink, and Leslie Shapiro submit that Plaintiffs' Motion to Remand should be denied.

FEDERAL INSURANCE COMPANY, JULIE ZINK and LESLIE SHAPIRO

By Their Attorneys,

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2006, I caused a copy of the foregoing Opposition to Motion to Remand to be served by first class mail, postage prepaid on the following:

Mr. Ghodrat Farahani
Ms. Irene Aromin
126 Brook Street
Rehoboth, MA 02769



PRV_795066_2