# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **FARAHANI, et al.**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**CHUBB GROUP OF INSURANCE COMPANIES, et al.**<br><br>**Defendants** | ) | **C.A. No. 06-89ML** |

**PLAINTIFFS GHODRAT FARAHANI AND IREENE AROMIN'S REPLY MEMORANDUM IN SUPPORT OF REMAND**

Plaintiffs Ghodrat Farahani and Ireene Aromin[1] argue the following reply to certain defendants (Federal Insurance Company, Leslie Shapiro and Julie's Zink)'s opposition. On March 31, 2006, Federal filed an opposition to plaintiffs' motion to remand principally arguing Allstate and Ross's Answer to the Complaint and their and plaintiffs' choice of state court forum is "irrelevant" to removal, and that co-defendants' consent to removal was not necessary because allegedly "plaintiffs failed to serve the defendants with a complaint and a summons." Federal having a strict burden of proof as to all the jurisdictional allegations of the Complaint, which it's Petition for removal either, omitted, evaded, or denied however remains at large. Based on the unmet burden of the proof, and certain incredible legal arguments that Federal has presented in its opposition, plaintiffs, having detail knowledge of the pertinent facts, having reviewed the

[1] Ireene Aromin joins in Ghodrat Farahani's arguments without filing and arguing separately.

law on removal and remand in much detail, fairly state Federal's removal and opposition to remand is frivolous.

1. On Nov 18, 2005, plaintiffs filed their Complaint in the Rhode Island Superior Court. Between Feb 6-9, 2006, all defendants were served by certified mail with return receipt pursuant to Rhode Island's long-arm statute, §9-5-33. On Feb 23, 2006, attorney Paul A. Anderson appeared for defendants Allstate Insurance Company (Allstate") and William J. Ross ("Ross") and served these defendants' Answer to the Complaint. The Answer did not raise any jurisdictional objections or insufficiency of the service of process. Moreover, the Complaint at ¶ 4 averred Allstate was a Rhode Island and Massachusetts Corporation. Allstate and Ross's Answer admitted Allstate was a Rhode Island Corporation.[2] See Answer at ¶ 3. Complaint at ¶ 4 stated defendant Ross has a usual place of business in Rhode Island. Defendant Allstate and Ross's Answer to the Complaint admitted Ross has a usual place of business in Rhode Island. See Answer at ¶3. Complaint at ¶ 25 stated the Providence Superior Court "has jurisdiction to adjudicate all plaintiffs' claims." Allstate and Ross's Answer stated, "Defendants admit this court has jurisdiction over this action and so reply to paragraph 25." Allstate and Ross have only one affirmative defense of "laches," and none other. Allstate and Ross, neither in the state court nor under this docket have never raised any of defenses of lack of jurisdiction, improper service, or insufficiency of the service of process. Allstate and Ross did not file any pre-answer motion to dismiss grounded on lack of jurisdiction or insufficiency of

[2] Plaintiffs have no burden to prove the Rhode Island residency and citizenship of Allstate particularly because Allstate's answer already admitted it is a Rhode Island citizen. Moreover, there are documents beyond the scope of this remand which would have been indexed to plainiffs' remand, had Allstate denied the Complaint's allegation at ¶ 4 which it did not, showing Allstate was a citizen of Rhode Island. Plaintiffs also assert they have detail facts and evidence as to Allstate's Massachusetts citizenship, which is beyond the scope of this remand.

service in the state court or under this docket. Plaintiffs conclude by answering the complaint, admitting Allstate is a citizen of Rhode Island, and by admitting Providence Superior Court has Jurisdiction over plaintiffs' claims, Allstate and Ross waived any right to removal even if they both were out of state citizens and even if they allegedly were not properly served as falsely raised by Federal which has no authority to plead for those represented defendants. Just as Allstate and Ross waived their rights to a federal jurisdiction in their answer so did plaintiffs who sued in the state court. Moreover, under the Rhode Island's "direct action" statute and 28 U.S.C. 1332(c) Michael Sciuchtti's[3] insurer, which is also Allstate, is a citizen of Rhode Island under plaintiffs bad faith claim against Allstate. Lastly, defendant Evenflo Company, Inc. is already in default. It did not file its answer to the Complaint. It did not also file any pre-answer dispositive motion in the Rhode Island state court or in this court. As to Evenflo, regarding the remand, all the allegations of the Complaint are considered admitted and all defenses if any are waived.[4]

2. On Feb 27, 2006, Federal and its two signatory counsels removed plaintiffs' case to this court. The Petition for Removal: (1) omitted all state court records as to plaintiffs' service on defendants which had been filed pursuant to the Rhode Island long-arm statute; (2) omitted Allstate's Rhode Island citizenship as verified under the Complaint;

[3] Michael Sciuchtti is the party who was at fault during the 1998 accident. Allstate also insured Sciuchtti's car. Allstate asserted to the plaintiffs then that Sciuchtti had lost his insurance few days prior to the accident. Whether or not Sciuchtti had lost his insurance or not is a question of fact. Plaintiffs' allegations of deceptive and bad faith claim against Allstate also reflect their claim against Sciuchtti and his insurer: Allstate. Under 28 U.S.C. §1332(c)(1) Allstate is also considered a citizen of Rhode Island even if it had not admitted that it was a citizen of Rhode Island. Section 1332(c)reads: For the purposes of this section and section 1441 of this title -(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

[4] Please note however, Evenflo is already litigating in Massachusetts. Evenflo's pre-answer dispositive motion in the Massachusetts action has never raised that it was not properly served or that the service of the process was insufficient regarding either the Rhode Island or Massachusetts actions.

(3) omitted the identify of Ross and Complaint's allegation of Ross's Rhode Island place of business;[5] (4) denied the Massachusetts citizenship of Federal as verified under the Complaint by pleading Federal was an Indiana corporation with its principal place of business in New Jersey;[6] (5) omitted Complaint's verified allegations that Allstate was also a Massachusetts citizen, by stating on information and belief Allstate was not incorporated in Massachusetts and had a place of business other than Massachusetts;[7] (6) failed to present any of co-defendants' signatures or written consent to the removal; (7) failed to state any reasons why co-defendants had not signed or that they were not required to consent to the removal;[8] (8) and lastly speculated information and belief as to the amount in controversy. Federal's petition for removal and opposition to remand is

---

[5] Federal has submitted an affidavit that Ross works and lives in Connecticut since 2002. However, Ross's answer admits the allegation of the Complaint that he has a place of business in Rhode Island. Ross's answer also admitted the jurisdiction of the Superior Court. Since the answer has not been amended, Plaintiffs consider all Ross's admissions in his Answer as true irrespective of Ross's controverting affidavit.

[6] After plaintiffs filed their response in opposition to the petition for removal denying Federal's allegations almost entirely and after they also filed their motion to remand Federal Insurance Company has had a *continuing burden* to prove that it was not a Massachusetts citizen. Opposition has failed to present any fact and evidence to deny plaintiffs' verified Complaint. Had Federal Insurance Company presented some proof and evidence as to its non-Massachusetts citizenship Plaintiffs would have countered with facts and evidence that the insurer was in fact a citizen of Massachusetts. Plaintiffs have no burden to prove the allegations of their Complaint as to insurer's citizenship under this removal. Federal however did have a burden to prove Complaint was inaccurate as to its Massachusetts citizenship. Federal's opposition has utterly failed to prove Complaint was inaccurate.

[7] Allstate's answer admitted it was a Rhode Island corporation but denied it was a Massachusetts citizen. If and when necessary plaintiffs will prove Allstate is equally a Massachusetts citizen. However, plaintiffs have no burden of proof: Federal does, and none has been proven. Federal has failed to prove that Allstate is not a Massachusetts citizen as alleged in the verified Complaint. Federal has utterly failed to prove Allstate is not a citizen of either Rhode Island or Massachusetts. In fact, in its opposition Federal refuses to even recognize Allstate's own admission as to its Rhode Island citizenship: an absurdity in the realm of frivolousness.

[8] See the following cases remanding simply because at the face of the petition for removal there is no explanation why other defendants have not signed or consented to the removal. Northern Illinois Gas Co. v. Airco Indus. Gases, A Division Of Airco, Inc. 676 F.2d 270, 273 (7th Cir. (Ill.) 1982. ) (" Because it is incumbent upon a party petitioning to remove a state court case to federal court to allege in the petition a short and plain statement of the facts which entitle him to remove, 28 U.S.C. s 1446(a), a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants") (Citations omitted). Cf. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261 (9th Cir.(cal.) 1999); Brantley v. Vaughan, 835 F.Supp. 258 (D.C.S.C. 1993); Scheall v. Ingram, 930 F.Supp. 1448 (D.C. Colo. 1996); P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546 (7th Cir. 1968).

very lazy on details and its burden of proof. Federal's opposition has presented no proof as to the allegations of its petition that were denied by plaintiffs.[9] Nor Federal presented any proof as to the allegations of the Complaint that it omitted or evaded or denied such as Allstate's Massachusetts citizenship.[10]

3. At page 6 of its opposition, ¶ 1, Federal argues: "the fact that both plaintiffs and Allstate 'have chosen the Providence County Superior Court' as their choice of forum is irrelevant to the question of remand." "Moreover, the fact that Allstate has answered the complaint in state court does not alone bar removal." Federal cites absolutely to no authority in support of these *incredible and fresh concepts of law* if indeed it desired to expand the law in the field of removal. Plaintiffs state Federal's novel promulgations that Allstate, Ross, and plaintiffs' choice of state forum is irrelevant to the question of remand, particularly without any supporting legal argument, is patently frivolous without saying more.[11] Federal's argument in fact denies Allstate and Ross's right and choice of state forum, which novelty in the removal law is a legal absurdity.

4. Federal has filed an affidavit that since 2002 Ross has been living and working in Connecticut.[12] Ross however affirms attorney Anderson is representing his interest. See

---

[9] Please note after Federal filed its petition for removal plaintiffs filed the following pleading, "Removed Plaintiffs Ghodrat Farahani and Ireene Aromin's Response to Removal Defendants' 'Petition for Removal.'" In that pleading, except as to the timeliness of the removal, plaintiffs principally denied all the allegations of the petition and left Federal to its burden of proof for all facts that it omitted and for Petition's allegations. Federal's opposition to remand completely forgot that it still had a major burden of proof as to every fact that it omitted and or every fact that it presented in its petition, however denied by plaintiffs. For example, Complaint pleaded Federal was a Massachusetts corporation with a place of business in Boston. Petition pleaded Federal is an Indiana corporation. Federal was left to prove that it was not a Massachusetts citizen. No proof was ever given by Federal to contradict plaintiffs' verified Complaint.

[10] The fact that Allstate's Answer denied Allstate is a Massachusetts citizen did not relieve Federal from its independent burden of proof to show that Allstate was not a Massachusetts citizen.

[11] As stated in the motion to remand Allstate, Ross, and Evenflo waived any right to removal, or any consent to removal if those rights had ever existed. Federal has no authority and right to dispute co-defendants Allstate and Ross's answer and admissions to their Rhode Island citizenships and Superior Court's jurisdiction. Federal has no known right to dispute and or disregard Allstate and plaintiffs' choice of state forum. Federal's argument is overwhelming!

the affidavit at ¶5. Moreover, Ross's affidavit however: (1) does not dispute the answer his attorney filed on his behalf is inaccurate; (2) does not disputes that Providence Superior Court is not his choice of forum; (3) does not state he desires to litigate in the District of Rhode Island; (4) does not state he consents to Federal's removal; and (5) does not deny that Allstate of Illinois was his authorized agent for service. While the affidavit states Ross was not [personally] served it evades the fact that Ross's authorized agents in Illinois accepted service and Ross's agent, attorney Anderson, already served Ross's answer to the complaint which answer never raised any objection to service of the complaint. All Ross's implied objections, *if any at all*, as to his citizenship, the Superior Court's jurisdiction, the service of the complaint , and or the sufficiency of the process not properly and timely raised in the answer or pursuant to a pre-answer motion to dismiss are deemed waived under the state docket or the docket of this court.

Federal's last minute research as to Ross's whereabouts however is of no help to its petition of Feb. 27, 2006. Federal's petition and plaintiffs' complaint are the key documents that this court may measures the propriety of the removal. Petition has not been amended. It pleads nothing about Ross. Federal had only 30 days to plead all its facts showing this court had jurisdiction. The petition of Feb 27, 2006 did not include an affidavit from Ross nor speculated he is a Connecticut citizen. That petition is not a living and an open-ended document whereas Federal may keep adding to it to show this court's jurisdiction piece by piece. Many state court cases may show sometime during the state court litigation there is a federal jurisdiction. A right to removal may arise at any point. That is why a party may remove a case 30 days after it knows or must reasonably know

---

[12] Notice Ross and Julie Zink's Connecticut citizenships. Also, note Complaint pleaded Federal and plaintiffs are Massachusetts citizens. There is no complete diversity.

there is a right to removal. On Feb 27, 2006, or even today, Federal's Petition and plaintiffs' Complaint do not show any diversity or right to removal. On Feb 27, 2006, Federal had no reasonable belief that Ross was working and living in Connecticut. There is no affidavit by the signatory counsels that at the time of removal, Feb 27, 2006, they knew Ross was a Connecticut party and inadvertently failed to include that in their removal petition. Moreover, Ross's Answer makes this affidavit of no value to Federal. Ross does not create diversity. See his Answer to the Complaint.

5. On one hand, Federal moves this court to dismiss all plaintiffs' claims asserting plaintiffs have *no right to recovery at all* and on the other hand, under pages 7-8 of its opposition Federal self-asserts it has proven the amount in controversy exceeds $75,000 for each plaintiff however presenting no proof. At page 8 of its opposition, ¶ 1, Federal cites to Stewart v. Tupperware Corp., 356 F.3d 335 (1st Cir. 2004) and concludes "to remand this case to state court on the grounds that the amount in controversy requirement is not met, this Court would have to find that it is legally certain that each plaintiff could not receive a damage award in excess of $75,000." It appears Federal is putting its burden of proof on "this Court" to make sure each plaintiff is not entitled to $75,000 before remanding this case to the state court. *Stewart* case was not about removal and remand: it was about a plaintiff who filed an action in the district of Puerto Rico and alleged the jurisdictional amount in controversy to invoke district court's jurisdiction. This is what *Stewart* court really said:

> "Since plaintiffs seek to invoke federal diversity jurisdiction, they have the burden of showing that their claims meet the amount-in-controversy requirement...It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Plaintiffs' general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court. If the opposing party questions the damages allegation, then the

> party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. Further, if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount... the suit will be dismissed. Plaintiffs brought their suit under the diversity jurisdiction of the federal court alleging Puerto Rican law causes of action. Plaintiffs brought claims for (1) past and future physical, mental, and emotional anguish, pain and suffering; (2) mental and emotional anguish and distress resulting from witnessing their spouse suffer; (3) loss of enjoyment of life and loss of consortium; (4) permanent impairment to total bodily functions; and (5) future medical costs. Defendants questioned plaintiffs' allegation that the damages for each plaintiff exceeded $75,000. Thus, plaintiffs had the burden of alleging facts indicating that it is not a legal certainty that their individual claims involve less than $75,000. *Stewart*, supra at 338.

6. Federal asserts "other defendants did not need to join in the removal" because "plaintiffs failed to serve the defendants with a complaint and a summons as required by Rule 4 of the Rhode Island Superior Court Rules of civil procedure," citing Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1200 (D.R.I., 1986).

Neither Federal nor any of the silent and absent co-defendants present absolutely any proof for this wild allegation that plaintiffs failed to properly serve Federal's co-defendants. While plaintiffs have no burden of proof as to this allegation, plaintiffs refer this court to the Exhibit A under Federal's opposition. Plaintiffs' letter dated Feb 15, 2006, addressed to the Clerk of the Superior Court states: "in the above referenced civil action and pursuant to the Rhode Island's Long-Arm Statute, §9-5-3[3], enclosed kindly find return service for following out of state defendants." That letter references that service was made on Allstate and Ross on Feb 9, 2006 and defendant Evenflo Company on Feb 7, 2006. The letter also files the original U.S. Post Office return receipt for each served defendant. The original return receipts are proof of service. Under the long-arm statute plaintiffs state all defendants were properly served and proof of service, the

original U.S. Post Office returned receipts, were filed with the state court. Moreover note the two letters dated Feb 4, 2006, addressed to Ross and Allstate reads: "***Service of the complaint is hereby made upon Allstate Insurance Company and William J. Ross pursuant to the Rhode Island's Long-Arm Statute, §9-5-3. Defendants have 20 days from the date of the receipt of this service hereof to serve on plaintiffs at the bellow address and to file with the said above court their answer to the Complaint. Failure to respond to this complaint within the 20 days will subject the defendants to default***." (bold, italics and underlining original). Under the state's long-arm statutes plaintiffs properly served Allstate and Ross through their authorized agents in Northbrook, Illinois on or about Feb 9, 2006. On Feb 23, 2006, attorney Paul Anderson served on plaintiffs these defendants' Answer to the Complaint. These defendants' Answer never objected that they were not served with the complaint or that they were improperly served and or that service of process was insufficient. A similar long-arm statute service was made upon defendant Evenflo Company, Inc on or about Feb 7, 2006. As of today, Evenflo is in default and all its objections are waived if any.

Moreover, any allegation of improper service and or insufficient service of process must have been raised by each defendant itself within 20 days of service of the complaint in the lower court docket or under this removed docket. Neither the lower court docket nor this court presents any timely or untimely nor any pleading or objection at all by any of the defendants, including Federal itself, that service was insufficient. Notice the petition for removal, *the key document*, never states that other defendants were not served or improperly served. Federal's Feb 27, 2006 removal petition attempted to omit all facts and documents as to service on Federal's co-defendants to justify its

arbitrary removal. This opposition however surprisingly exhibited those omitted documents this time in support of Federal's own allegation that other defendants were not served properly.

Federal has no authority to represent its co-defendants were insufficiently served. First, it does not know that its co-defendants were not served or insufficiently served. See Exhibit A showing proof of service pursuant to the §9-5-33. Second, it has not presented any proof of its authority to speak for others. Third, it has not presented any evidence as to the insufficiency of service. Fourth, as stated in above any objection to service must be raised by the defendant or his authorized counsel within 20 days from date of the service of the Complaint. Assuming Federal thought it could or was led to believe it was an authorized agent for other defendants, which plaintiffs deny, Federal's Feb 27, 2006 petition failed to assert any defendant was not served or insufficiently served. [As stated in above, that Petition, the key document for this court's review, is not an open document allowing Federal to continuously change it.]. Even Federal's own motion to dismiss was only grounded on Fed.R.Civ.P.12(b)(6) and never raised any objection that it did not receive the complaint or summons and that service of process was insufficient.

Furthermore, note Allstate and Ross's Answer to the Complaint never raises any such objection that they were not served with the complaint and a summons. By answering the complaint and or by failing to raise any pre-answer objections to the alleged insufficiency of service of the process Allstate and Ross[13] waived any such

---

[13] Note however, Ross's affidavit states he was not, *albeit* personally, served with the complaint. Ross's affidavit must not be taken literally as true, because Ross's authorized agents accepted service, proof of service was filed with the lower court, and Ross's answer to the complaint by its authorized attorney, see the affidavit confirming attorney Anderson's authority, never objected that Ross was not served with the complaint and or service of process was insufficient. As plaintiffs have no reason to question Attorney Anderson's authority to appear for Ross, the Answer that counsel served on Feb 23, 2006, for Ross is binding on Ross and Allstate. If that Answer were not binding today, Allstate and Ross would be in

objections even if Federal's allegation of service was true. The petition for removal, which is the key document for this court's review, never makes such allegation that plaintiffs failed to properly affect service on Federal's co-defendants. The law requires Federal's Feb 27, 2006, petition to explain why other defendants had not joined. Petition did not do that. Petition is facially defective. However, this court must note Federal does not care that Allstate, Ross, and Plaintiffs have chosen to litigate in the state court.

This court has not been timely or untimely presented with any dispositive motion by Federal's co-defendants in the state court or in this court, asserting any objection to the service of process. Federal has no authority to speak on behalf of Evenflo, Allstate, and or Ross. Irrespective of Federal's authority to speak for its co-defendants and irrespective of the pure conclusory and insubstantial allegation that "plaintiffs failed to serve defendants with a complaint and summons" plaintiffs assert that under both state and federal law, under both the Superior Court docket and or this court's docket all untimely pre-answer objections were waived even if Federal had authority to speak for other defendants, which plaintiffs deny.

Moreover, the *Gorman* court, as cited by Federal and other similar cases, were primarily concerned with a removing defendant's right to removal within that 30 days window of opportunity. Gorman was also referring to out of state defendants, not Allstate who is and who has admitted is a Rhode Island corporation. An alleged improper service on Allstate as a Rhode Island citizen by a third party is of no consequence and does not permit removal with or without Allstate's consent even if service had never been made on Allstate. *Gorman* never created such exception of consent for Allstate as implied by

---

default. As defaultees, all the allegations of the Complaint are assumed true and all objections and defenses are waived.

Federal. Second, *Gorman* court never excepted co-defendants' consent to Federal's removal if service of the process was allegedly insufficient as opposed to *service not having been made* at the time of Federal's removal. The purpose of *Gorman*'s court's exception to consent as to co-defendants' that have not been served is to make sure a plaintiff by purposely not serving a co-defendant does not run afoul the 30 days period and the right to remove by the first served defendant. *Pullman,* supra at 350, explained that an unserved *nonresident* defendant "may never be served or may be served after the time has expired for the defendant who has been served to apply for a removal, and unless the latter can make an effective application alone, his right to removal may be lost." The presence of a resident defendant, by contrast, i.e., Allstate of Rhode Island, was a jurisdictional bar to removal when based on diversity of citizenship, and that defect was not cured by Federal under its opposition by alleging Allstate was not served with the complaint or a summons. "But the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." *Pullman* supra at 541. When as here all Federal's co-defendants have been properly served and some answered the Complaint, co-defendants do not lose their rights to consent to the removal, simply because the removing defendant raises an unsubstantiated and *untimely* objection that plaintiffs failed to make proper service on co-defendants. These objections must have been properly and timely raised in a motion to dismiss or in the petition for removal on Feb. 27, 2006, not only by Federal but also by the co-defendants. The right to object to any alleged insufficiency of service belongs to the co-

defendants not Federal and such objections were waived even if true and even if Allstate and Ross had not answered the Complaint or Evenflo was not in default.[14]

Even assuming Federal had a "relevant" and present right to object on behalf of the absent and or silent co-defendants, and further supposing Federal had proven service of process was insufficient, which plaintiffs deny, following cases, *among many*, hold technical objections to an alleged imperfect service, as oppose to no service at all, is ignored because removal is strictly construed. See e.g., Teitelbaum v. Soloski, 843 F.Supp. 614, 615 (C.D.Cal., 1994) ("Defendants contend, however, that FedSure was not required to join in the notice of removal because it had not been properly served with summons and complaint. It is immaterial that FedSure believes service to be defective and is contesting the sufficiency of service. It is undisputed that FedSure actually received a copy of the complaint on December 6 or 12, *i.e.,* prior to the date the notice of removal was filed."); New World Technologies, Inc. v. Comy Technology, Inc., 876 F.Supp. 6, 7-8 (D.Mass.,1995) ["The removal statute, 28 U.S.C. § 1446, however, states that the notice of removal ... shall be filed within thirty days after the *receipt by the defendant, through service or otherwise, of a copy of the initial pleading*....The statute itself designates the receipt of the initial pleading as the start of the thirty day period. It specifically states that the receipt may be by service of process or

[14] The requirement of personal jurisdiction is intended to protect a defendant's liberty interests, and because it represents an individual right, it can be waived. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702-03 (1982). The locus in which a defendant is sued is a privilege, which may be lost by waiver or consent. See Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979) (both personal jurisdiction and venue are privileges of defendant and may be waived by parties). Rule 12 not only contemplates the lodging of certain defenses at the earliest point in a lawsuit, it mandates a waiver of those defenses if not presented at the first available opportunity. See United States v. 51 Pieces of Real Property, Roswell, N.M., 17 F.3d 1306, 1314 (10th Cir. 1994) (failure to object to court's exercise of personal jurisdiction in the first response waives defense); If a party files a pre-answer motion and fails to assert the defenses of lack of jurisdiction or insufficiency of service, he waives those defenses. Federal and all co-defendants must admit generally under Fed. R. Civ. P. 12(b) objections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion.

otherwise.....Accordingly, it is now settled law that the time for seeking removal begins to run only when the defendant or an agent in fact receives the process. Technicalities of state law as to the completion of service of process are ignored...Finally, construing the statute as not requiring perfected service is consistent with that well established principle the removal statute is to be construed narrowly and against removal... The modern trend, however, holds that so long as the defendant receives actual notice of the substance of the litigation, proper service need not be effectuated for the thirty day clock of § 1446(b) to start...The statute was written to ensure that defendants had thirty days to petition for removal from the time they received a copy of the complaint, regardless of whether service could be perfected by receipt of a summons beforehand." ](citations and quotation marks omitted); Schwartz v. FHP Intern. Corp., 947 F.Supp. 1354, 1363 (D.Ariz.,1996) ( "While it is true that none of the other Defendants had been served with process at the time FHP filed the notice of removal, at least one, if not all, remaining Defendants had received a copy of the complaint. In this action, Plaintiffs' attorney mailed courtesy copies of the complaint to all Defendants on May 1, 1996. On June 4, 1996, Defendant Christi Bourne, M.D., filed an answer in state court despite the fact that she had not yet been served with process. At the very least, then, Defendants FHP should have obtained the consent of Defendant Bourne within thirty days of filing its notice of removal...Where a defendant had actually received a copy of the complaint prior to the date the notice of removal had been filed, that defendant was required to join in the notice of removal.") (citations omitted); Karpowicz v. Blue Cross and Blue Shield of Massachusetts, Inc. 1996 WL 528372, *3 (D.Mass.,1996) (As the express language of the statute indicates, it is not necessary that the defendant be formally served for the period to

begin. Technicalities of state law as to the completion of service of process are ignored. This is because the right of removal arises when the defendant has adequate information to decide whether or not removal is appropriate. Thus, the right is based on notice of the substantive claims that must be defended, rather than on the completion of procedural formalities.) (citations and quotation marks omitted).

Federal's co-defendants had 30 days to either remove the case or join in this removal. They did neither with full knowledge of the removal. "That thirty day period within which to remove is triggered by either service of a summons upon the defendant, *or the defendant's receipt of a copy of the complaint*," Davidson v. Rand, 2005 WL 768593 (D.N.H.,2005) (citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)) (italics added). See also Stan Winston Creatures, Inc. v. Toys ""R" Us, Inc. 314 F.Supp.2d 177, n.4 (S.D.N.Y., 2003) ("Similarly, courts have regularly disregarded technicalities of state law as to the completion of service of process in the state court in which the action was originated in determining when the defendant was served for the related purpose of determining the timeliness of removal, just as state law generally is disregarded when questions relating to removal are considered" (Citations and quotation marks omitted).[15]

7. At page 10 of its opposition, Federal again asserts Allstate and Ross by answering the complaint have not waived their rights to removal. As stated in above the allegation defies common sense not because they answered the Complaint but because they

[15] Because a defendant has only 30 days window of opportunity to remove a state case to a federal court, a few minority courts have held that an insufficient service of the complaint, such as faxing a complaint to an overseas defendant, see Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), does not waive that defendant's right to removal because defendant was not properly served. Here, Federal already and timely protected all co-defendants' right to removal. However, co-defendants do not wish to consent to the removal. Allstate and Ross desire to litigate in the Superior Court and Evenflo desires to litigate in Massachusetts. However Federal wish to drag the co-defendants into its arbitrary removal irrespective of their consent. In fact Federal thinks co-defendants' consent is "irrelevant."

admitted to state court's jurisdiction and forum not to mention they also admitted Allstate was a Rhode Island citizen. What is more excruciating is that Federal keeps arguing about other defendants' right to removal and non-waiver when none have timely come forward to say anything and none have timely given any authority to Federal to speak on their behalf.

8. As to Federal's allegation that the Clerk of the Superior Court was the responsible party for not producing the record on service, having produced no affidavit by the clerk, the argument is obviously frivolous.

## Conclusion

Federal and its two signatory counsels are jointly and severally responsible for this frivolous removal causing plaintiffs significant time and efforts, resources, electronic research, costs, and attorney fees. This alleged frivolous conduct if true must be held to account particularly if directed at couple pro se parties. The fact that these plaintiffs are litigating against their homeowner insurer and two contractors for property damages to their house, see Federal's Exhibit C and D, which exhibits plaintiffs suspect was filed to subliminally discredit plaintiffs' auto accident action, does not give Federal's signatory counsels a licensee to change zealous advocacy to a frivolous removal creating thousands of dollars of billable hours for themselves and thousands of dollars of unnecessary expenses to the plaintiffs. When this court decides to remand this case and when this ongoing and excruciating pleading saga is over with, plaintiffs will promptly file a separate and detailed motion and affidavit for costs, attorney fees, and sanctions pursuant to various authorities' and legal grounds whereas Federal and its counsels will have a fair chance to respond.

## Prayers

REMAND this case to the Superior Court and RETAIN this Court's ancillary jurisdiction to adjudicate any further pleadings as to plaintiffs' motion for costs, attorney fees, and sanctions which motion shall be filed promptly when and if this case is remanded.[16]

**Respectfully submitted this April 5, 2006**

**Ghodrat Farahani, Plaintiff, pro se**
**Ireene Aromin, Plaintiff Pro se**
**126 Brook Street**
**Rehoboth, Mass 02769**
**Tel: 508 252-4914**

## CERTIFICATE OF SERVICE

Plaintiff, Ghodrat Farahani, certifies that on April 5, 2006 a true copy of the forgoing document was served on Darlene K. Alt, Esq., Edwards Angell Plamer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903, and Paul A. Anderson, Esq., 49 Weybosset Street, Providence, RI 02903, current counsels of record under this removed case, by first-class U.S. mail, postage prepaid.

Ghodrat Farahani

[16] A post-remand application for costs and attorney's fees does not interfere with or affect the proceedings in the state court. In addition, the wording of 28 U.S.C.A. § 1447(c), which provides that an "order remanding the case" may provide for costs and attorney's fees, does not prevent the District Court from entering an order granting costs and attorney's fees at a later date. Mints v. Educational Testing Service, 99 F.3d 1253, 1257-1258 (3d Cir. (N.J.) 1996) [("We agree with the district court that it did not lose jurisdiction to award fees and costs when the clerk of the district court mailed a certified copy of the order of remand to the clerk of the Superior Court...If the district court entertains a post-remand application for fees and costs, it does not interfere with or even affect the proceedings in the state court. Thus, we see no reason why a district court cannot entertain a request for attorney's fees and costs in a remanded case merely because the clerk of the district court has mailed a certified copy of the order of remand to the state court. Of course, a holding that the divesting of jurisdiction by the mailing of a certified copy of the order of remand does not preclude the award of attorney's fees and costs is consistent with *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359, which held that a district court could impose sanctions under Fed.R.Civ.P. 11 after a plaintiff voluntarily dismissed an action.")]. See also Stallworth v. Greater Cleveland Regional Transit Authority, 105 F.3d 252, 256-258 (6th Cir. 1997) (District court had jurisdiction, after its order remanding removed case to state court, to consider plaintiff's application for attorney fees; attorney fee award did not have to occur in same order remanding case, or not at all.). Therefore, this court has a continuing jurisdiction to hear plaintiffs' motion for costs and sanctions even after remand when and if remand is granted.