UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GHODRAT FARAHANI and IREENE AROMIN, Plaintiffs, v. CHUBB GROUP OF INSURANCE COMPANIES; JULIE ZINK; LESLIE A. SHAPIRO; ALLSTATE INSURANCE COMPANY; WILLIAM J. ROSS; and EVENFLO COMPANY, INC., Defendants. | C.A. No. 06-89-ML |

**DEFENDANTS FEDERAL INSURANCE COMPANY, JULIE ZINK AND LESLIE SHAPIRO'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendants Federal Insurance Company ("Federal"), Julie Zink and Leslie Shapiro (collectively, "Defendants"), pursuant to the instruction of this Honorable Court hereby submit this Supplemental Memorandum in Opposition to Plaintiffs Ghodrat Farahani's and Ireene Aromin's (collectively, "Plaintiffs") Motion to Remand.

## I. Procedural Background

As set forth in more detail in Defendants' Opposition, on February 27, 2006, Defendants removed this litigation from Providence County Superior Court. On or about March 14, 2006, Plaintiffs moved to remand this case to state court on the grounds that the removal was both "procedurally defective" and "improperly motivated."

On November 18, 2005, Plaintiffs brought suit against the Defendants, Allstate Insurance Company ("Allstate"), William J. Ross ("Ross") (an employee of Allstate), and Evenflo Company, Inc. ("Evenflo"), alleging a myriad of claims arising out of a

November 20, 1998 automobile accident in Cranston, Rhode Island. In early February, the Defendants received a copy of the Complaint, along with a cover letter, from the Plaintiffs. On February 27, 2006, Defendants removed the case to this Court on the ground that the Court has diversity jurisdiction over the matter under 28 U.S.C. § 1332. Defendants asserted in their Petition for Removal that Shapiro, a Massachusetts citizen, was improperly joined and that if she had not been joined there would be complete diversity between the parties.

According to the state court docket, on February 15, 2006, a document described by the Clerk of the Court as "OTHER DOCUMENT" was filed in Providence County Superior Court, which was a cover letter from the Plaintiffs addressed to the Clerk's Office, along with copies of letters to, and return receipt cards received from, all defendants.[1] According to the information filed with the state court, this letter and the accompanying letters and return receipts were not accompanied by a summons issued from the Providence County Superior Court as required by Rule 4 of the Rhode Island Superior Court Rules of Civil Procedure. Moreover, at the time the case was removed to this Court, the state court docket sheet (which was obtained at 3:40 p.m. on the date of removal and certified as true, accurate and complete by the Superior Court Clerk's Office) did not indicate that any of the other defendants had filed an answer or entered an appearance in the case. (See Providence County Superior Court docket sheet from February 27, 2006 attached hereto as Exhibit A).

This Honorable Court heard oral argument regarding Plaintiffs' Motion to Remand on June 27, 2006, at which time it instructed Defendants to conduct further

---

[1] Documents in support of the procedural history have been previously filed with this Court as exhibits to Defendants' Opposition to Plaintiffs' Motion to Remand.

investigation with regard to the timing of the filing of its removal papers. Specifically, whether Allstate had filed an answer to the Complaint prior to Defendants' filing of their Notice of Removal.

## II. Discussion

Pursuant to the Court's instruction of June 27, 2006, Defendants performed further investigation into the timing of the filing of Allstate's answer. Defendants' additional investigation included review of Allstate's date-stamped answer filed in the Providence County Superior Court, as well as discussions with counsel for Allstate and Ross regarding the filing of its answer.

Following the hearing on June 27, 2006, Defendants obtained a copy of Allstate's and Ross' answer, which more legibly reflected when the answer was filed with the Providence County Superior Court. According to the time-stamp on the answer, Allstate's and Ross' answer was filed by the Providence County Superior Clerk's Office on February 27, 2006 at 1:25 p.m. – approximately twenty (20) minutes prior to the Defendants' filing of their Notice of Removal. (See Certified Copy of Defendant Allstate's Answer at Exhibit B). Despite the fact that the answer was filed prior to the Notice of Removal, it was not contained in the state court file and was not referenced on the state court docket when the Defendants obtained a certified copy of the state court record pursuant to Local Rule 81(b). (See Exhibit A). Accordingly, even though the state court record certified by the Superior Court Clerk's Office did not reflect that an answer had been filed in the case prior to the filing of removal, Allstate's and Ross' answer was in fact filed with the Superior Court prior to removal of the case to this Court.

Moreover, subsequent to the June 27, 2006 hearing, counsel for Allstate and Ross, Attorney Paul Anderson, Esq., indicated to Defendants' counsel that he did in fact serve on the Plaintiffs an answer by regular mail on behalf of Allstate and Ross on February 23, 2006, and on that day sent it to the Superior Court Clerk's Office for filing. However, Attorney Anderson further indicated that he did not serve Defendants' counsel with a copy of the answer because he was not aware of their entry of appearance (despite Defendants' counsel's filing of their entry of appearance with the Superior Court on February 20, 2006, which was three days before he served the answer).

Defendants submit that, based on the foregoing, it appears that Allstate had filed its answer approximately twenty (20) minutes prior to Defendants' filing of their Notice of Removal. Accordingly, the law of this District can be interpreted so as to have required Allstate's and Ross' consent prior to removal. See Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d 182, 185 (D.R.I. 2002); Gorman v. Abbott Labs., 629 F. Supp. 1196, 1200 (D.R.I. 1986). Defendants further submit, however, that the foregoing reveals that at the time the removal papers were filed, nothing in the state court record that was made available to the general public, or as certified as complete by the Superior Court Clerk's Office, indicated that an answer had been previously filed by Allstate and Ross. Defendants therefore effectuated the filing of their removal papers in good faith, and in reliance on the content of the Providence Superior Court docket available at the time of filing, along with consultation with, and certification by, the Superior Court Clerk's Office.

## III. Conclusion

For the foregoing reasons, Defendants Federal Insurance Company, Julie Zink, and Leslie Shapiro submit that Plaintiffs' Motion to Remand should be denied pursuant to the Arguments set forth in their Opposition to Plaintiffs Motion to Remand.

FEDERAL INSURANCE
COMPANY, JULIE ZINK and
LESLIE SHAPIRO

By Their Attorneys,

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on July 10th, 2006, I caused a copy of the foregoing Supplemental Memorandum to be served by first class mail, postage prepaid on the following:

Mr. Ghodrat Farahani
Ms. Irene Aromin
126 Brook Street
Rehoboth, MA 02769