# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **FARAHANI, et al.** | ) | |
| **Plainiffs** | ) | |
| **v.** | ) | **C.A. No. 06-89ML** |
| **CHUBB GROUP OF INSURANCE COMPANIES, et al.** | ) | |
| **Defendants** | ) | |

## PLAINTIFFS' VERIFIED SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiff Ghodrat Farahani[1] having objectively reviewed the state of the law and 100 years of federal jurisprudence on removal and remand, having meticulously examined the docket entries and the record at the Clerk's Office, Providence Superior Court, having spoken to such Clerk's Office on the procedure to obtain certified copies of records for removal, hereby reasserts Defendants Federal Insurance Company, Leslie Shapiro, and Julie Zink (collectively "Federal")'s removal was legally premature, unjustified, procedurally defective, and carried out in "bad faith."[2]

### Removal & Remand Facts In Brief

a) On Nov 18, 2005, Plaintiffs filed a "Verified Complaint," Ghodrat Farahani, et al v. Chubb Group of Ins. Co., et al C.A. No. PC05-5981 in the Providence Superior

[1] Plaintiff Ireene Aromin joins in Ghodrat Farahani's pleading without arguing and filing separately.
[2] During the oral arguments of June 27, 2006, Hon. Judge Lisi cautioned this plaintiff to carefully assay his allegation of "bad faith" lodged at the opposing counsels. Court regrettably took no note why certain documents had been omitted under Local Rule 81(b) filing which was one of the main reasons for plaintiff's allegation of bad faith. However, having learned the Clerk of the Providence Superior Court has had nothing to do with the *completeness* of the certified copies of the records presented to this Honorable Court on removal, plaintiff confidently re-asserts the removal consciously omitted important documents and was organized in bad faith. See the argument in below.

Court pertaining to a 1998 automobile accident that had occurred in Cranston, Rhode Island.

<u>The Complaint averred, inter alia, the following facts pertaining to parties' citizenship</u>:

* "Plaintiffs have been a resident of Massachusetts for the past several years." Complaint, ¶ 2.

* Defendant Federal Insurance Company [incorrectly named Chubb Group of Insurance Companies] is a "Massachusetts Corporation, with a usual place of business in Boston providing insurance services throughout U.S. including Rhode Island."; "Defendants Julie Zink ("Zink") with a usual place of business in Connecticut and Leslie A. Shapiro ("Shapiro") with a usual place of business in Massachusetts were claims employees of Chubb." Complaint ¶ 3

* Defendant Allstate Insurance Company is a "Massachusetts and Rhode Island Corporation;" Defendant William J. Ross has a "usual place of business in Rhode Island." Complaint, ¶ 4.

* Defendant Evenflo Company, Inc. has a usual place of business in Ohio. Complaint, ¶ 5.

b) On or about Feb 15, 2006 Plaintiffs served the Complaint on all defendants via the Rhode Island Long-Arm statute. See the Providence Superior Court Docket Sheet entry, Line 4, "OTHER DOCUMENT," dated 02-15-2006 which reads"

"ORIGINAL U.S. POST OFFICE RETURN RECEIPT FOR EACH DEFT (6 FIELD) AND A COPY OF THE COVER LETTER ACCOMPANYING SERVICE." See a copy of the Superior Court Docket Sheet obtained on <u>**07-11-2006**</u> as Plaintiffs' Exhibit "A."

c) **On <u>Feb 23, 2006</u>**, Defendant Allstate Insurance Company and William J. Ross served their Answer to the Complaint. <u>***On Feb. 24, 2006***</u>, Plaintiffs received that Answer in the mail.

<u>Answer of Feb 23, 2006</u>:

<u>***Admitted***</u> Allstate Insurance Company was a Rhode Island Corporation.

<u>***Admitted***</u> the Providence Superior Court had jurisdiction over both Defendants Allstate Insurance Company and William J. Ross. .

<u>***Admitted***</u> Defendant William J. Ross has a usual place of business in Rhode Island.

Moreover, that same Feb 24, 2006, which was a Friday, the Providence Superior Court, at 1:25 PM, received that same Answer in the mail. ***The Answer was date-stamped 06 FEB 24 PM 1:25 by that court***[3]. However and very strangely so, that court did not actually enter the Answer into the court's computer system. *At this point in time, Feb 27, 2006, at 3:40 PM, Federal obtained allegedly a true copy of the Docket Sheet absolutely reflecting no computer data entry for the Feb 24 date-stamped Answer.* At some unknown point in the future, the Feb 24 date-stamped Answer reappeared in the Clerk's Office and was ***back-docketed*** into the Computer system, allegedly this time on Feb 27, 2006! See Line 6 of the Docket Sheet, Plaintiffs' Exhibit A.[4]

d) On Feb 27, 2006, at 1:44 PM Federal filed with the Superior Court a Notice of Removal. At 3:30 PM of Feb 27, 2006, Federal obtained a certified copy of the Superior Court's Record. That same Feb 27, 2006, Federal served and entered the removed case into this Court's Docket along with a "Petition for Removal."

Petition for Removal pleaded:

* "Federal is an Indiana Corporation and has its principal place of business in New Jersey." Petition, P. 1, ¶ 3.

* On information and belief Defendants Allstate and Evenflo "are not incorporated in Massachusetts and have a principal place of business in a state or states other than the Commonwealth of Massachusetts." Petition, P. 2, ¶2.

* Defendants Zink and Shapiro Federal's employees, were "improperly joined" and had "Shapiro not been named individually there would be compete diversity between the parties." Petition, P. 2, ¶1.

* On Information and Belief, the amount in controversy exceeds $75,000.00. Petition, P. 2 ¶2.

* Federal's Petition for Removal and "Local Rule 81(b) Statement" clearly omitted from filing with this Court any copy of the Plaintiffs' returned service

---

[3] See Federal's Exhibit B, the Supplemental Memorandum.

[4] The exhibit A of Federal's supplemental memorandum reflects a copy of the Superior Court's Docket sheet obtained at **3:40 PM on Feb. 27, 2006.** See the bottom of that exhibit which reads: "02-27-2006 03:40 PM. Now, compare Federal's exhibit A with this Plaintiffs' Exhibit A. Carefully comparing these two exhibits, the Court may learn Federal's Exhibit obtained at 3:40 PM of Feb 27 absolutely has no display and entry of the Feb 24 date-stamped Answer into the Docket Sheet whereas plaintiffs' exhibit obtained just a few days ago **shows the entry of the Answer before the entry of Notice of Removal**. This implies the Feb 24 date-stamped Answer while being kept in the case file folder however had not been docketed into the computer system until after the removal had been entered. It is obvious the Answer was entered into the computer system after the removal occurred. **However strangely removal now *precedes* the removal entry.** As a side note, Plaintiffs dispute the Clerk of the Superior Court has ever such an authority to change the date of Answer's entry from Feb 24 to Feb 27. The actual date of entry should be the date the Clerk received the Answer.

pursuant to the long-arm statute or a copy of the Answer, which documents were all kept inside the case folder with the Clerk of the Superior Court.

e) On March 8, 2006, Plaintiffs filed with his Court a response in opposition to the Petition for Removal denying certain allegations of the Petition and putting Federal on notice as to its statutory obligation and strict burden to prove the jurisdictional allegations of the Petition.

f) On March 8, 2006, only nine days after the case had been removed, Plaintiffs filed with this Court a "Notice of Related Proceedings… ." Of importance to this Memorandum, and Court zeroing in on the Answer, reference being made to Hon. Judge Lisa's statement to the opposing counsel, please note that Notice of Related Proceeding ***clearly put Federal on notice as to the existence of Allstate's Answer, exhibit C of that Notice, dated Feb 23, 2006.***

g) On March 14, 2006, Plaintiffs filed their Motion To Remand. The Motion to Remand argued detailed competent law, inter alia, that:

* Federal's Petition had a "strict burden" to prove its allegations that complete diversity existed, and that controversy exceeded $75,000.00.

* Federal's Petition knowingly omitted to attach a copy of the Answer and documents pertaining to service in its Local Rule 81(b) filings.

* Federal's Petition was not singed under Fed.R.Civ.P. 11 as required by the removal statute.

* Federal's Petition was not signed by all defendants; Federal did not obtain or did not have other defendants' consent to removal even weeks after removal had been entered and the identify of all defendants' counsels were known to Federal.

* Federal could not have ever removed the case because Allstate and Ross had admitted to their Rhode Island citizenships.

h) On March 31, 2006, Federal filed an Opposition to the Motion to Remand. Opposition alleged:

* Defendants Zink and Shapiro had been improperly joined. Opposition, PP. 4-5.

* "The fact that both Plaintiffs and Allstate 'have chosen the Providence County Superior Court' as their choice of forum is irrelevant to the question of remand." Opposition, P. 6.

* Defendant Ross is not a Rhode Island Citizen. Ibid.

* Before remanding the Court had an obligation to "find that it is legally certain that each plaintiff could not receive a damage award in excess of $75,000.00" Opposition, P.8.

* Other defendants did not need to join in the Removal because they were not properly served. Opposition, P. 9.

* Allstate and Ross did not waive their right to removal by answering the Complaint. Opposition, P. 10.

* "At the time Defendants complied the record for filing with this court (at 3:40 PM. On the day of removal), Allstate's answer was neither entered on the Court's electronic docket ***nor contained in the court file***...Additionally, Defendants' omission of the documents relating to the 'OTHER DOCUMENTS" entry was entirely inadvertent. Indeed, ***the Clerk of the Providence County Superior Court did not notice the omission*** *despite having certified that the entire record was produced to the Defendants*." (italics original; Capitalization original; Bold added). Opposition P. 11.

i) On April 5, 2006, Plaintiffs filed a Reply to that Opposition asserting:

* Federal's Opposition absolutely failed or waived to provide any proof that

--- Federal was "an Indiana Corporation and has its principal place of business in New Jersey."[5]

--- Allstate was not a Massachusetts Corporation.[6]

* Defendant Ross's post Answer affidavit that now he lives in Connecticut could not possibly controvert his own lawyer's[7] answer to the Complaint filed with the Superior Court admitting he has a "usual place of business in Rhode Island."

* Neither Allstate's Answer to the Complaint, nor the Petition for removal and neither Federal's Motion to Dismiss ever pleaded the service of the Complaint was not proper. Nor Federal ever has any right to plead for other [absent] defendants that it did not represent, frivolously alleging the service of the

---

[5] Note Complaint under oath pleaded Federal had a place of business in Boston, Massachusetts. Federal denied that assertion. Federal provided not one single piece of evidence to support that allegation. Had Federal presented any creditable evidence in support of its Petition, plaintiffs had stacks of documents showing under Massachusetts laws Federal was indeed a Massachusetts citizen and entity as well.

[6] Note Federal had a strict burden to prove all the allegations of Petition controverting the Complaint. Complaint pleaded Allstate was both a Massachusetts and Rhode Island entity. Petition denied that Allstate had any of those citizenships. Allstate's Answer however admitted it was a Rhode Island Citizen. Had Federal complied with its burden of proof, which it utterly failed, Plaintiffs had plenty of documents and evidence that Allstate was equally a Massachusetts entity.

[7] Note Ross's affidavit still asserts his interests are represented by the same attorney filing the Answer.

Complaint was not proper.[8] Nor Federal presented any proof that service was improper.[9] At least as to the Answer filed by Allstate, and Federal's own motion to dismiss before this same Court, all such allegations of improper service not pleaded were waived even if ever true. Lastly, Federal had 30 days to remove this case and plead all claims in support of removal. Federal did not move for Court's Leave to amend the Petition for Removal. If Petition did not assert an allegation of improper service, which it never did, then any such allegations are waived.

* Federal blaming the Clerk's Office for omitting documents was absolutely false and "frivolous" because Federal never presented any affidavit from the alleged Clerk who "did not notice the omission despite having certified that the entire record was produced to the Defendants."

**Arguments**

On June 27, 2006, this honorable Court heard brief arguments on the motion to remand. Court "zeroed in" on the Answer that Allstate had filed with the Superior Court and instructed parties to further argue that matter. Federal's Opposition to the Motion to Remand and its further memorandum basically blames the Clerk of the Superior Court for omitting any document that Federal did not file with this Court including the Answer, and the documents pertaining to the service. This blaming game is neither fair to the Clerk's Office nor true. In investigating this blaming game, the undersigned visited the said Clerks' Office on July 11, 2006 and inquired as to the procedure to obtain a certified copy of the record to remove this case. The Clerk's Office informed this Plaintiff that all documents pertaining to this lawsuit was kept in one file folder. ***Upon request to remove a case, the file is handed over to the person desiring to remove the case. That person makes his own photocopying of the record at the Clerk lobby's copiers and then asks the Clerk to stamp them as true copies of the file. Clerk never does the photocopying of***

[8] Again, Federal forgot it had a strict burden to prove any allegation that it uttered to the Court. First during oral argument, the opposing counsel stated to the Hon. Judge Lisi that other Defendants refused to contact them regarding this Complaint. Therefore, how did Federal conclude service of the process was improper? None of the other Defendants has come forward alleging service was improper.

[9] Regret during oral argument Court was already assuming service was improper. Does Court have any evidence coming from any of the served defendants, including Federal, that service was allegedly improper?

***the record. Clerk does not attend to the completeness of the record being asked to certify as all he or she does is certifying/stamping the copies that that person is asking for certification as true copies of the originals. Nor Clerk has any way of controlling that person from later removing any certified copy of the documents from the pile of the documents certified.***

Federal keeps asserting that the Clerk's Office certified a "complete" copy of the record on removal. That is false. Clerk in fact can never guarantee the completeness of record just handed over to the removal parties because the Clerk is not mailing the record to the District Court. That is why in the past a petition should have been verified under oath. Nowadays removal is required to be signed under Fed.R.Civ.P. 11. The two signatory counsels to this case refused to certify the Petition under Rule 11.

Plaintiffs argue Allstate's Answer arrived in the Clerk's Office in the morning of Feb 24, 2006. The mail was opened and stamped at about 1:30 PM that same day. Very strangely, Answer was not docketed. When they filed their Opposition Federal argued at the time of removal it had no knowledge of the Answer.[10] Now it asserts after further investigation there did exist an Answer having been filed prior to removal. The signatory counsels argue the Answer was filed shortly before the removal. However, as of 3:40 PM, Feb 27, 2006, while removal was already docketed in the Providence Superior Court's computer, the Answer, which had arrived three days earlier, or according to counsel shortly earlier, had not.

Plaintiffs cannot prove there was any improper conduct by the Defendants and or Clerk's Office regarding this ambiguous entry for the Answer at this time. However, the

[10] That statement caused the counsel for Allstate to send another copy of the Answer to the Superior Court for filing. See Exhibit A above, Page 2 Line 3. Clearly, Allstate does not wish to have anything to do with this removal.

person who photocopied the file at the Clerk's lobby could not have not noticed the Answer and several pages parting to service. If there was any omission of any documents including the Answer, plaintiffs allege it was done at the direction of the signatory counsels or that they ought to be held professionally to account for such serious omissions. At least the counsels, not the Clerk, had a professional obligation to ascertain the completeness of the record for removal purposes. To blame the Clerk for signatory counsels' omissions is obviously false and designed to mislead this court.

**Conclusion**

First, Petition NEVER proved any of its jurisdictional allegations and defaulted on its strict burden of proof. Second, Defendants Allstate and Ross have admitted to their Rhode Island citizenships. Those admissions destroyed any diversity for removal. Signatory counsels had knowledge of these admissions at least by March 8, 2006 when Plaintiffs served a copy of the Answer on the counsels, irrespective of counsel current blaming arguments. Allstate and Ross never gave their consent to this removal before or after the removal irrespective when their Answer was filed with the Superior Court. Opposition to the Motion to Remand *frivolously* argued

Allstate and Ross's Answer to the Complaint and their admissions were "irrelevant." How can ever a Defendant's Answer as to its citizenship be irrelevant to removal? That was an utterly frivolous argument. Opposition argued Allstate and Ross's consent was not even required. That was as second utterly frivolous argument on removal. Opposition became a self-proclaimed advocate alleging improper service for all other Defendants who had knowingly refused to consent and cooperate with Federal toward this removal. While each defendant had only 30 days to consent to removal, none came

forward to plead in this Court ever even after the 30 days had passed. However, Federal continued to oppose remand even in their supplemental memorandum.

Plaintiffs' Motion to Remand, the Reply, and this supplemental memorandum clearly pleaded detailed facts and an incredible survey of the case law which arguments have been supporting remand. It is clear to Plaintiffs that removal was improper, utterly defective, and contained bad faith material acts and omissions. For the past five months, Plaintiffs have been stuck in this removal-remand scenario. Plaintiffs demand remand. Plaintiffs also demand accountability for this improper removal. Plaintiffs request this Court to retain jurisdiction in order for plaintiffs to file and argue a detailed motion for costs and sanctions.

**Verification & Certification**

Under penalty of the perjury Ghodrat Farahani, affirms the accuracy of the forgoing facts and certifies the attached exhibit is a true copy of the Providence County Superior Court's latest Civil Docket Sheet of the removed case.

**Respectfully submitted this July 14, 2006.**

**Ghodrat Farahani, Plaintiff, pro se**
**Irene Aromin, Plaintiff, pro se**
**126 Brook Street**
**Rehoboth, Mass 02769**
**Tel: 508 252-4914**

**CERTIFICATE OF SERVICE**

Plaintiff, Ghodrat Farahani, certifies that on July 14, 2006, a true copy of the forgoing document was served on all counsel of records in this case by first-class U.S. mail, postage prepaid.

Ghodrat Farahani