UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GHODRAT FARAHANI and
IREENE AROMIN,

Plaintiffs,

v. C.A. No. 06-89-ML

CHUBB GROUP OF INSURANCE
COMPANIES; JULIE ZINK;
LESLIE A. SHAPIRO; ALLSTATE
INSURANCE COMPANY;
WILLIAM J. ROSS; and EVENFLO
COMPANY, INC.,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on Ghodrat Farahani and Ireene Aromin's (collectively, "Plaintiffs") pro se filing of a Motion to Remand the above-titled action to Rhode Island Superior Court. For the reasons set forth below, Plaintiffs' Motion to Remand is granted.

I. Background

On November 18, 2005, Plaintiffs filed this suit against Federal Insurance Company,[1] and two of its employees, Julie Zink and Leslie A. Shapiro (collectively, "Federal"), Allstate Insurance Company and one of its employees, William J. Ross (collectively, "Allstate"), and

[1]Chubb Group of Insurance Companies was originally named in Plaintiffs' Complaint instead of Federal Insurance Company. "Chubb Group of Insurance Companies" is a trade name used to identify several separately incorporated insurance companies, of which Federal Insurance Company is one. Despite the misidentification of the parties, Federal filed an entry of appearance on February 20, 2006.

Evenflo Company, Inc. ("Evenflo"). The Complaint sets out a number of claims allegedly arising from a November 20, 1998 automobile accident.[2] At approximately 1:45 p.m. on February 27, 2006, Federal filed its Petition for Removal pursuant to 28 U.S.C. § 1441, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and that the amount in controversy exceeds $75,000.[3] Neither Allstate nor Evenflo joined in Federal's Petition for Removal.[4] On March 14, 2006, Plaintiffs filed a Motion to Remand, alleging, *inter alia*, that Federal's removal was "procedurally defective."

On June 27, 2006, this Court heard argument from both sides on the Motion to Remand. The Court requested a supplemental filing from Federal in order to clarify whether Allstate had in fact filed an answer prior to Federal's filing of its Petition for Removal. Federal filed its supplemental memorandum on July 10, 2006 and Plaintiffs filed their opposition on July 14, 2006. From these supplemental filings, the Court has now ascertained that Allstate's Answer was filed at 1:25 p.m. on February 27, 2006, just a few moments prior to Federal filing its Petition for Removal.

## II. Discussion

The general removal statute, 28 U.S.C. § 1441, provides in relevant part that "any civil

---

[2]At the same time Plaintiffs brought this suit, they filed an identical action against all of the defendants in Massachusetts Superior Court.

[3]Federal argues that diversity jurisdiction exists because Shapiro, who is a Massachusetts citizen, was fraudulently joined to defeat diversity, as Plaintiffs are Massachusetts citizens. Since this Court has determined to remand the action based on the failure of Allstate to join in, or consent to removal, it need not consider whether Shapiro was fraudulently joined.

[4]Evenflo did not file an answer or an appearance in Rhode Island, but is pursuing the case in Massachusetts.

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). The procedure for removal is governed by 28 U.S.C. § 1446(a), which provides in relevant part:

> A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). A defendant is required to file this notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . [or] after the service of the summons." 28 U.S.C. § 1446(b). Generally, all defendants must join in a removal petition or consent to such removal within the thirty day time limit established by 28 U.S.C. § 1446(b). See Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900); Esposito v. Home Depot U.S.A., Inc., No. 06-153, 2006 WL 1867379, at *1 (D.R.I. July 6, 2006). If removal is procedurally defective, a court must grant a motion to remand. 28 U.S.C. § 1447(c); See Esposito, 2006 WL 1867379, at *1.

Once Allstate answered, the rule of unanimity required it to join in, or consent to, Federal's removal. Allstate has neither joined in the removal, nor has it signified in any other way that it consented to removal. Federal's counsel represented to the Court that at the time Federal filed its Petition for Removal, she was unaware that Allstate had filed its Answer because the information was unavailable on the Superior Court docket. The Court does not discredit

Federal's counsel's assertion that Federal "effectuated the filing of their removal papers in good faith." (Def.'s Supp. Mem. 4) Nevertheless, removal statutes are to be strictly construed, with any doubts resolved against removal of the action. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004). Failure of all parties to manifest their consent constitutes a "defect in removal procedure" and is grounds for remand. Esposito, 2006 WL 1867379, at *1 (quoting Sansone v. Morton Mach. Works, Inc., 188 F. Supp. 2d 182, 184 (D.R.I. 2002)). Therefore, without the consent of Allstate, Federal's removal did not include all eligible defendants, which fact requires this Court to remand this action to the Superior Court.

III. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand is granted.

SO ORDERED:

Mary M. Lisi

Mary M. Lisi
United States District Judge
August 18, 2006